O’NIELL, C. J.
 

 The Industrial Loan Company, having a judgment against J. P. Hendricks, obtained a writ of fi. fa., and the sheriff seized and advertised for sale certain land belonging to the defendant. He and his wife filed an opposition, claiming a homestead exemption, and praying to be paid $2,000 out of the proceeds of the sale of the property. The opponents did not pray for an injunction to prevent the sale. The sheriff, therefore, proceeded to sell the property, and sold it before the opposition was tried. The sale was made for only $500, which was the last and highest bid. On the trial of the opposition of J. P. Hendricks and wife, their demand was rejected and their opposition dismissed. They appealed from the decision. The Judge fixed the amount of the bond to be furnished for a suspensive appeal at $1,000; but, on motion of the appellants, the judge reduced the-amount to $350. The appellants gave the bond for $350, and the surety on the bond proved to be.qualified, and was accepted by the clerk of court. The Industrial Loan Company then obtained a rule on the appellants, under the provisions of Act No. 112 of 1916, to show cause why the appeal should not be dismissed, on the ground that the surety was not qualified financially, and that the amount of the bond was not sufficient. After hearing evidence on the trial of the rule, as to the financial worth of the surety on the appeal bond, the judge dismissed the rule; and the Industrial Loan Company appealed from the ruling. The company has moved now to dismiss the appeal taken by J. P. Hendricks and wife from the judgment rejecting their demand for recognition of a homestead exemption.
 

 
 *637
 
 The grounds set up in the motion to dismiss the appeal are as follows:
 

 1. That the bond for a suspensive appeal was not filed within ten days from the signing of the judgment appealed from.
 

 2. That the amount of the bond is not sufficient.
 

 3. That the surety on the bond is not ■financially qualified; and that the judgment of the district court, declaring the surety qualified, is erroneous and should be reversed.
 

 The first ground urged in the motion to dismiss the appeal is not a cause for which an appeal should be dismissed, if the bond was filed in time for a devolutive appeal. In this instance, however, the bond was filed on the tenth day after the judgment was signed, and was therefore filed in time to stay execution of the judgment appealed from. The judgment was rendered and signed on the 29th day of October, 1932, and the appeal bond was filed on the 8th day of November, 1932. Counting the 30th day of October as the first day of the ten days allowed by law (article 575, Code Prae.) for the filing of the appeal bond in time to stay execution of the judgment, the 8th day of November was the last of the ten days allowed for the filing of such a bond; and the bond was filed before the expiration of that day. The bond was filed, therefore, in time to stay execu-' tion of the judgment appealed from.
 

 The contention of the appellee that the appeal bond is not sufficient in amount is based upon the argument that, inasmuch as the property was sold for $500, that is the amount in contest, and that the bond should be for one half more than that amount, or $750. There is no merit in the argument. It is only when an appeal is taken from a judgment condemning the appellant to pay a certain sum of money that the appeal bond must be given for one-half more than the amount of the judgment, in order to stay execution of the judgment. Code Prae. art. 575. The judge had the authority to fix the amount of the bond for a suspensive appeal in this case.
 

 As to the third ground urged in the motion to dismiss the appeal, conceding, for the sake of argument, that the question of correctness of the judgment of the district court declaring the surety on the bond sufficient is now before us for decision, there is no evidence on which a reversal of that judgment could be based. The testimony that was heard on the trial of the rule, on the subject of the financial worth of the surety on the appeal bond, was not reduced to writing. We must assume, therefore, that the prima facie showing, on which the clerk of court accepted the surety on the appeal bond, as required by Act No. 112 of 1916, was sustained by the evidence heard on the trial of the rule to test the solvency of the surety.
 

 The motion to dismiss the appeal is overruled.