HAMITER, Justice.
Dr. Donald B. Williams, on May. 31, 1950, was condemned to pay to his divorced wife, Glenolloyd Barnette, alimony of $75 per month for the support and maintenance of their minor child. Approximately twenty months later a rule issued (this proceeding) directing him to show cause why the alimony should not be increased to $300.
Following a hearing on and the submission of the matter the court, on October 17, 1952, decreed some increase in the award, although not to the extent demanded. Formal judgment was read and signed on January 26, 1953.
On the latter date Glenolloyd Barnette, feeling aggrieved by the judgment, moved for an appeal returnable to this court. It was granted, according to the minutes, “with the bond for a suspensive appeal fixed in accordance with law and the bond for a devolutive appeal fixed in the amount of $100.” However, only a bond supporting the devolutive appeal was furnished, it having been executed for the sum of $100 and filed February 19, 1953.
A few days after the timely lodging of the transcript here appellee moved for a dismissal of the appeal.
Directing attention to the formal judgment signed in open court on January 26, 1953, appellee complains that (to quote from his brief on the instant motion to dismiss) “No notice of said judgment being signed was given to appellee or his counsel in accordance .with [LSA-]R.S. 13 :3344 or otherwise whereby pleadings or application for rehearing might have been timely exercised by appellee in order to have same corrected or conform with the original judgment rendered * .* *.”
*495 The statutory provisions thus cited and invoked read:
"In all matters submitted to district judges and judges of the city courts, for their decision and taken under advisement by them, the clerk of the court immediately upon the entry of an order or judgment, shall issue and serve a notice of the entry, by mail, to all the parties to the suit, through their attorneys of record, or on the parties, if not represented by attorneys; and he shall make a note in the docket of the mailing. Where orders or judgments are rendered as aforesaid, the parties shall have ten days, and the delay shall begin to run from the time of the aforesaid mailing, within which to take any action or file any pleadings they deem necessary, or in compliance with the order or judgment of the court, except that the delays provided under existing laws to take appeals, apply for new trials and rehearings shall not be changed.”
These provisions do not appear to support appellee’s position which is, as we appreciate it, that thereby he was entitled to be notified of the signing of the judgment. They seem to relate to the rendition (not necessarily the signing) of an order or a judgment in a matter which a trial judge has taken under advisement, their purpose being to enable the litigant or his attorney to plead or otherwise act timely without having to make constant inquiries of the court respecting its ruling. Appellee, in this connection, is not contending that he was unaware of the rendition of the decision in question on October 17, 1952.
Secondly, in the motion to dismiss, mover shows that this appeal cannot be suspensive in character. Appellant concedes this, as she must. If for no other reason the bond was not timely filed for a suspensive appeal. It suffices for a devolutive appeal, however, having been executed for the amount designated by the trial court and filed within the year. Cortez v. Cortez, 175 La. 179, 143 So. 41; Industrial Loan Company of Monroe, Inc., v. Hendricks, 176 La. 634, 146 So. 317; Graziani v. Elder & Walters Equipment Co., Inc., 208 La. 80, 22 So.2d 841.
For the reasons assigned the motion to-dismiss the appeal is denied.