PER CURIAM.
Defendant-appellee moves to dismiss this appeal on the ground that the appeal bond was not filed until the 20th day after the judgment had been signed and that for this reason “plaintiff-appellant failed to perfect his appeal within the time prescribed by law * *
.In answer to the motion to dismiss the appeal, appellant contends that it should not be dismissed for the reason that no written notice of the judgment was. sent “notifying plaintiff-appellant of the judgment in this matter, and, therefore the legal delays for perfecting the appeal in this matter had not begun to run and have not actually begun even to this date, in that no written notice of judgment was ever received.”
The record shows that the judgment was rendered in open Court on February 23, 1955, and was signed in open Court on March 1, 1955. The motion for appeal was filed on March 11, 1955, and’ the order granting the appeal was signed on that day. The appeal bond required by the order granting the appeal was not filed until March 24, 1955.
The time for' the perfecting of appeals in such matters is controlled by LSA-R.S. 13:1971 which reads as follows:
“ * * * Appeals shall be allowed within ten' days, exclusive of Sundays, from the signing of the judgment, on giving bond, according *148 to law, in a sum exceeding by one-half the amount of money judgments, in case of suspensive appeal, and in a sum to be fixed by the judge, in case of devolutive appeal, and other than money judgments. * * * ”
There is no requirement that a party who has filed answer be notified of a judgment which was rendered and signed in open Court in the presence of the attorneys.
In Article 575 of our Code of Practice it is provided that
“when judgment has been rendered in a case after answer filed by the defendant, or by his counsel, the party cast in the suit shall be considered duly notified of the judgment by the fact of its being signed by the judge.”
There is a similar provision in Article 624 of the Code of Practice which, after requiring that certain notice must be given before execution may issue, further provides that
“when a judgment had been rendered in a case after answer filed by the defendant, or by the counsel, the party cast in the suit shall be considered duly notified of the judgment, by the fact of its being signed by the judge; * *
Counsel for appellant, in his answer to the motion to dismiss the appeal, states that he received no notice that the judgment had been rendered until, by mere chance, he noticed that the judgment had been signed on March 1, 1955, and that therefore he immediately filed the motion for appeal.
As a matter of fact, the motion for appeal, as we have already stated,' was filed on March 11th, and yet the bond itself was not filed until March 24th.
While, as we have said, no notice of the rendition of the judgment was necessary, it is clear from the record that counsel for appellant knew of the rendition of the judgment long before the bond was actually filed.
Since the bond was not filed within the time required, the appeal has never beén perfected. See Bannister v. Chisesi & Longo, La.App., 5 So.2d 145; Montaldo Ins. Agency v. Bonck, La.App., 43 So.2d 555.
The notice which is referred to in LSA-R.S. 13:3344 is not required except where a matter is submitted to a District Judge or to a Judge of a City Court and is taken under advisement. See Williams v. Barnette, 223 La. 492, 66 So.2d 313.
The appeal is dismissed at the cost of appellant.
Appeal dismissed.