76 So.2d 912

Dr. Donald B. WILLIAMS

v.

Glenolloyd BARNETTE.

No. 41202.

Dec. 13, 1954.

Dugas, Bean & Bertrand, Lafayette, for appellant.

Edward F. LeBlanc, Abbeville, for defendant-appellee.

HAMITER, Justice.

On this appeal Mrs. Glenolloyd Barnette Williams, the appellant, complains of an alimony award (as being inadequate) granted for the support and maintenance of a minor daughter, Judith Glynn Williams, born of her marriage with Dr. Donald B. Williams, the appellee. Heretofore, we denied the latter's motion to dismiss the appeal. See 223 La. 492, 66 So.2d 313.

On May 31, 1950, in a suit brought by Dr. Williams, the district court rendered a judgment decreeing a divorce between the litigants (grounded on two years' continuous separation), awarding custody of the child to the mother subject to reasonable rights of visitation by the father, and ordering the father to pay to the

mother for the child's support and maintenance the sum of $75 per month. This judgment was amended and revised on September 5, 1951, following the compromise and settlement of a habeas corpus proceeding commenced by the father, to the extent of "(1) Continuing the custody of the said child with Glenolloyd Barnette, its mother, however, (2) that said child visit with its father, Dr. Donald B. Williams, two summer months out of the year hereafter, namely June and July, and also for the entire Christmas period of the year 1951 and (3) for the Thanksgiving and Easter Holidays of each year; (4) that the child remain with its mother for the 1952 Christmas Holidays and thereafter each have said child alternately likewise in succeeding years for said Christmas Holidays successively; that further reasonable rights of visitation with said child be continued plaintiff generally."

Some five months later (January 30, 1952) the mother instituted the instant action in the original divorce proceedings, she ruling the father to show cause why the $75 per month alimony award for the minor, who had attained the age of eight years, should not be increased to $300 per month.

To the summary method of procedure and also to the allegations of the petition the defendant in rule excepted. The exceptions were overruled. With reservation of his rights thereunder he then answered.

Near the commencement of the trial of the rule the father (through counsel) stipulated that "he has the means and financial ability with which to provide for the present needs of the minor child"; and the mother testified that her net earnings, as an anesthetist, were $347 per month. The remainder of the testimony adduced at the trial related to the needs of the child and was given by the mother and by the owner and operator of several business establishments which specialized in clothing for children, the latter witness having been produced by the father.

Following such trial the court rendered the judgment from which this appeal was taken, it reading in part as follows: "It Is Therefore Ordered, Adjudged and Decreed that there be judgment herein ordering the defendant in rule, Dr. Donald B. Williams, to pay to the plaintiff in rule, Glenolloyd F. Barnette, for the support and maintenance of the minor child, Judith Glynn Williams, the sum of Thirty-Five ($35.00) Dollars per month for food, the sum of Twenty ($20.00) Dollars per month for lodging, and the sum of Thirty ($30.00) Dollars per month for clothing; the sum of $30.00 [intended to be $35.00] per month for food shall not be paid during the months of June and July when the said minor child is in the custody of the defendant in rule; the amount for lodging and clothing shall be paid during every month of the year.

"It is further ordered, adjudged and decreed that the defendant in rule, Dr. Donald B. Williams, be and he is hereby ordered to pay all bills in connection with the costs for the private instruction of said minor child, Judith Glynn Williams, in music, art, dancing and voice lessons, together with all expenses for the child's parochial schooling, including tuition; said costs and expenses to be paid directly to the institution or to the individuals upon the presentation of the bills by the various instructors or institutions; said costs and expenses shall apply from the beginning of the school term and shall be effective from September 15, 1952." (Brackets ours.)

Although this judgment does not satisfy the mother's demand for $300 per month, it provides a considerable increase in the initial alimony award of $75 per month. Furthermore, we are unable to say that it is not in keeping with the evidence in the record. The mother's testimony, in support of her demand and with reference to the general needs of the child, is wholly uncorroborated and rather indefinite. As to the specific clothing needs, on the other hand, the witness produced by the father— a person who has had many years of experience in selling children's furnishings —testified convincingly that a child of Judith's age (nine years at time of trial) could be "very well dressed" for $300 to $350 per year (the clothing award made here is $360).

The real complaint of appellant appears to be, to quote from the brief of her counsel, that the District Court "in arriving at its decision in this matter took the position that a faher is only liable for the bare necessities of his minor children regardless of his means and financial circumstances." And counsel direct our attention to an observation contained in Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321, 329, it relating to an approved award of $425 per month for the support of two minor children and reading: " * * * His obligation to support, maintain and educate the children is fixed by Article 227, LSA–C.C. and must be granted according to the provisions of Article 230 et seq., in proportion to the wants of the persons requiring it, and the circumstances of those who are to pay it. Obviously, the wants of appellant's two children are greater than those of the children of parents of less means. They attend private schools, receive dancing, horseback riding, and swimming lessons, and wear expensive clothes. This would be their custom of living under the father's custody. The divorce and custody of the children in the mother should not be allowed to diminish these advantages. * * *"

It is apparent that the trial judge, in fixing the alimony herein, was aware of his duty to take into consideration the means and financial circumstances of the father. Indicative of the awareness were certain comments made by him during the

trial and also the following statement contained in his written reasons for judgment: "The formula given us by the legislature in determining the amount of alimony due by a father for the support of the minor child consists of two elements. First, the want of a person requiring it, and the circumstances of the father, financial circumstances of the father. In this case it is admitted that the father's financial circumstances are such as to meet all of the needs of the child. * * *"

Moreover, contrary to the contention of appellant, the judgment rendered suggests that such duty was discharged. Therein, in addition to caring for the child's basic needs, the court required the father to furnish more for clothing than is ordinarily spent on most children of her age; and it ordered him to provide, wholly at his expense, parochial schooling and also private instruction in music, art, dancing and voice. Therefore, we cannot conclude, as appellant would have us do, that the District Court's award was limited to the "bare necessities" of the child.

Appellee has answered this appeal, he reurging his overruled exceptions. However, they are argued here only alternatively, in the event the district court's award (which he considers correct and proper) be found inadequate; and, in view of our holding on the merits, they need not be considered.

For the reasons assigned the judgment is affirmed.