226 So.2d 926 (1969)
Jeanne Biedenharn GAY, Plaintiff-Appellant,
v.
Charles Richard GAY, Defendant-Appellee.
No. 11260.
Court of Appeal of Louisiana, Second Circuit.
September 22, 1969.
Lunn, Irion, Switzer, Johnson & Salley, Shreveport, for appellant; Harry A. Johnson, Jr., Shreveport, of counsel.
Hendrick, Fant & Bain, Shreveport, for appellee; John F. Fant, Shreveport, of counsel.
Before AYRES, DIXON and PRICE, JJ.
PRICE, Judge.
Appellant, Jeanne Biedenharn Gay, has appealed the judgment of the trial court in redetermining the amount of support payable by appellee, Charles Richard Gay, for the minor child of their marriage, Zehntner Biedenharn Gay. Mr. and Mrs. Gay were divorced by judgment of the district court for Caddo Parish on March 11, 1964. This judgment awarded Mrs. Gay custody of the minor child and the sum of $50.00 per month for his support. By rule to show cause filed February 28, 1969, Mrs. Gay sought to have the sum of $500.00 recognized as in arrears and made executory. She also asked the court to increase the amount of support from $50.00 to $250.00 per month, alleging that the needs of the child and the ability of the father to pay have increased. Payment was made of the arrearage prior to trial of the rule, and this issue was removed from consideration by agreement of the parties.
After trial of the rule to increase child support, the district court ordered the payments increased from $50.00 to $100.00 per month. Appellant assigned as error the refusal of the district court to grant an increase in excess of $50.00 per month when the father's earnings had increased approximately $6,000,00 per year since the prior judgment, and the needs of the child had increased along with his advancement in age by some five years.
*927 The jurisprudence of this State recognizes that the determination of the amount of support to be paid by the father for his minor children is within the sound discretion of the trial judge. This discretion should not be disturbed unless there has been an abuse of this discretion.
The evidence in the record of this case reflects that at the time the original support award was fixed at $50.00 per month, the mother and child were living in Shreveport, Louisiana. In 1968, Mrs. Gay moved to the resort city of Aspen, Colorado. Mrs. Gay contends that the costs of maintaining the boy have increased as his age advances and his interest in hobbies and sports has begun. One item she contends is necessary for the child is a summer camp costing in excess of $500.00 each year. The evidence disclosed that Mr. Gay had increased his earnings from approximately $8,600.00 to $14,300.00 per year. He had remarried and has a child by his second marriage. Mrs. Gay, although not employed, had an income in excess of $5,000.00 per year. She was residing in a home which she had constructed at a cost of $40,000.00.
Counsel for Mrs. Gay contends that this child has been born of affluent parents and that Mr. Gay should pay a sum sufficient to provide the child with more than just the necessary things in life. Counsel cites the cases of Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321, and Williams v. Barnette, 226 La. 635, 76 So.2d 912, in support of this contention.
These cases hold that the father's obligation may be greater than just to supply the bare necessities of life. The Supreme Court in the Wilmot case pointed out that children should be maintained on the same standard that they were accustomed to while living with the father. It is apparent that the standard of living which the mother has selected for herself and the minor after divorcing Mr. Gay would be in excess of the financial abilities of her former husband. The appellee's income has increased by some 38 percent since the original award was made. The trial court increased the support award 100 percent. We can find no abuse of discretion in this finding of the trial court on the evidence presented in this case.
For the foregoing reasons the judgment appealed from is affirmed at appellant's cost.