262 So.2d 87 (1972)
Isophine Helena Ullman LAMOTHE
v.
Frank Eugene LAMOTHE, Jr.
No. 4985.
Court of Appeal of Louisiana, Fourth Circuit.
April 18, 1972.
Many, Hartman, LoCoco & Dwyer, M. Hepburn Many, New Orleans, for plaintiff-appellee.
Before REGAN, STOULIG and BOUTALL, JJ.
STOULIG, Judge.
This is an appeal from an award of child support.
Plaintiff-appellant obtained a judgment of divorce predicated upon a prior judgment of separation from bed and board rendered in favor of his former wife, the defendant-appellee. As an incident of the divorce proceeding, the appellee was granted alimony for herself and child support for their 11-year-old daughter, Josephine Lamothe, in the aggregate amount of $550 per month. The judgment did not apportion or allocate specific amounts for the support of the wife and for the child. Thereafter, a partition of the community of acquets and gains was effected and the value of the wife's share was sufficient to render her ineligible for alimony under LSA-C.C. art. 160. Because of this change in circumstances, Mrs. Lamothe filed a rule to have the support set for their minor daughter. After a hearing, the trial court fixed the child support at $400 per month. It is from this judgment that *88 the plaintiff has appealed insisting that the amount is excessive and beyond his financial capability to satisfy.
Appellant failed to file a brief or to appear on the date the matter was assigned for argument. This court has not been informed of any circumstances that would justify his failure to do so, therefore, we must assume that none existed. On the other hand, appellee complied with both requirements and was permitted to argue in support of the trial court's judgment.
The record affirmatively establishes that this has been a protracted domestic relations proceeding extending from September 25, 1968, through the present date. It is repletesome five in numberwith contempt proceedings lodged against the appellant to compel his recognition of the obligation to support his minor child.
We make these observations as factors to aid us in evaluating the probative value of the testimony as it relates to the trial court's finding of fact.
The issue presented by this appeal is simply whether the trial judge in his award of child support manifestly abused his discretion.
It is now well settled that parents have the obligation of supporting and maintaining their children, and the amount awarded for this purpose must be commensurate with the needs of the child and the financial ability of the father to respond. LSA-C.C. arts. 227 and 231. This basic formula has been enlarged to provide that a child reared in an affluent standard of living must be maintained in the same circumstances if the father's income so permits. In other words, the minor must be afforded the same degree and standard of maintenance the child would enjoy if in the father's custody. Williams v. Barnette, 226 La. 635, 76 So.2d 912 (1954); Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (1953); and Wilson v. Wilson, 129 So.2d 61 (La.App.3d Cir. 1961).
Applying these concepts to the facts of the instant matter, the trial court correctly concluded that the minor, Josephine Lamothe, because of her father's income enjoyed a standard of living above that customarily afforded to persons of average means. She was provided education in private schools, maid service, substantial clothing allowance, and special attention and care because of emotional problems. Based upon these factors the trial court concluded that $400 per month would be required to care for her needs and to maintain the standard of living that she experienced and enjoyed during her parents' marriage.
There now remains the question of the financial ability of Mr. Lamothe to pay this support.
We have previously noted the appellant's consistent efforts to evade his obligation to support his minor daughter and usually did so until confronted with contempt proceedings.
According to his own affidavit which was stipulated into evidence, the appellant has an income from investments, stocks, and bonds amounting to $18,000 per year. This income is further supplemented by his personal earnings, the extent of which is dependent upon the personal inclination of the appellant. The living expenses of Mr. Lamothe set forth in his affidavit do not reflect any unusual items or amounts which would seriously impair his ability to pay the child support ordered by the court.
It is well recognized in our jurisprudence so as to be beyond question that the trial judge is vested with great discretion in the fixing of alimony and child support. His awards of these types of support will not be disturbed unless so manifestly erroneous as to be tantamount to an abuse of discretion.
Taking into consideration the needs and previous standard of living of the minor and her father's income, we cannot conclude *89 that the trial court's award of child support is manifestly excessive or constitutes an abuse of discretion. For these reasons the judgment of the trial court is affirmed.
Affirmed.