261 So.2d 687 (1972)
Bobby Eugene PETTITT, Plaintiff-Appellee,
v.
Patsy C. Simmons PETTITT, Defendant-Appellant.
No. 11840.
Court of Appeal of Louisiana. Second Circuit.
April 24, 1972.
*688 Miller & DeLaune, by Donald R. Miller, Shreveport, for defendant-appellant.
Simon, Carroll, Fitzgerald & Fraser, by Richard A. Fraser, Jr., and Mark R. Simmons, Shreveport, for plaintiff-appellee.
Before BOLIN, HEARD and HALL, JJ.
HALL, Judge.
Plaintiff and defendant were divorced on April 11, 1968. The defendant-mother was awarded custody of the two minor children of the marriage and the plaintiff-father was ordered to pay $100 a month as child support for each child or a total of $200 per month. The present action was commenced by rule directing Bobby Eugene Pettitt to show cause (1) why the amount of child support should not be increased to $250 a month per child; (2) why he should not be condemned to pay all necessary educational expenses for both children, including, but not limited to, college and university fees, tuition and books; and (3) why the portion of the former decree which gave him the right to claim the allowable income tax dependency exemption for each of the minor children should not be rescinded.
Judgment was rendered increasing the amount of child support to $125 a month per child or a total of $250 a month. All other demands of plaintiff in rule were rejected and she has perfected this appeal.
Plaintiff in ruleappellant has remarried since the date of the judgment of divorce and she will be referred to hereafter as Mrs. Sugar.
The basis of Mrs. Sugar's demands is twofold. First, she alleges Mr. Pettitt's ability to pay has substantially increased since April of 1968. Second, she alleges the amount necessary for the care and maintenance of the children has also increased since that date.
When Mrs. Sugar and Mr. Pettitt were divorced in 1968, his gross monthly income was $935 and his net take-home pay was $654.98. In 1971, when this action was commenced, his gross monthly income was *689 $1,550. His net take-home pay excluding deductions for stock purchases from his employer, was $1,065.
The children of this marriage are two young men who both attend high school in Shreveport. Bobby Eugene Pettitt, Jr. is eighteen years old and is a senior in high school. Jerry Glen Pettitt is seventeen years old and is a junior in high school. At the time of the original decree in this matter they were ages fourteen and thirteen respectively. Mrs. Sugar alleged generally that the needs of the children have increased because of their age and progress in school. The record reflects that this is true to a certain degree. However, it was also shown that Mrs. Sugar's second husband has a substantial income (but is separate in property under a marriage contract) resulting in a higher standard of living for Mrs. Sugar and her children than they enjoyed during her marriage to Mr. Pettitt. Much of the alleged increased needs of the children relates to the cost of maintaining these increased advantages, such as being furnished an automobile, country club membership and the like.
The law is settled that an award of alimony for the support of a child is always subject to modification if there is any change in the needs of the child or in the ability of the father to pay. The person demanding the increase must, however, prove such an increase is warranted and the determination of whether this burden of proof has been met is within the sound discretion of the trial judge. Blanchard v. Blanchard, 209 So.2d 513 (La.App. 2d Cir. 1968). It is equally settled in the jurisprudence that the determination of the amount of support to be paid by the father for his minor children is within the sound discretion of the trial judge. This discretion should not be disturbed on appeal unless there has been an abuse of this discretion. Gay v. Gay, 226 So.2d 926 (La. App. 2d Cir. 1969).
The court noted in Gay v. Gay, supra, that the father's obligation may be greater than just to supply the bare necessities of life. The children are entitled to be maintained in the same standard of living as would be their custom if living with the father. Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (1953).
Considering all of the evidence presented in this case and the legal principles applicable to the issues involved, we find no abuse of discretion in the decision of the trial court increasing the amount of child support payable at the present time from $100 a month per child to $125 a month per child.
Mrs. Sugar has also prayed for an order directing Mr. Pettitt to pay all college and university fees for the two minor children. The evidence establishes that Bobby Eugene Pettitt, Jr. is actually planning to attend college beginning in September, 1972. He is presently considering two or three different universities but has not yet decided which one he will attend. The amount necessary for the care and maintenance of this child will definitely increase at such time as he actually enrolls in college.
Article 230 of the Civil Code provides:
"By alimony we understand what is necessary for the nourishment, lodging and support of the person who claims it.
"It includes the education, when the person to whom the alimony is due, is a minor."
The obligation to educate minor children includes contributing to the college education of a minor where the parents are financially able to do so, and where the child's desire, ambition, capability, academic background and other circumstances indicate college as a logical and necessary step in the complete education of the child. Such is the case here. Further, it is appropriate for the court to consider the increased expense of attending college in advance of actual enrollment by the child so *690 that those concerned may make the necessary plans and arrangements which must be accomplished prior to the beginning of school.
Considering all of the circumstances, we conclude that commencing September 1, 1972, and conditioned on the minor's actual enrollment in college, the amount payable by Mr. Pettitt for the support of Bobby Eugene Pettitt, Jr. should be increased to $175 per month.
Counsel for Mrs. Sugar argues that the trial court was without jurisdiction to adjudicate which of the two parents is entitled to the allowable income tax dependency exemption. This argument is without merit. 26 U.S.C.A. § 152(e) (2) provides in part as follows:
"(2) Special rule.The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if
"(A) (i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and
"(ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or
* * *"
The federal statute specifically contemplates and gives recognition to a state court judgment decreeing that the parent not having custody shall be entitled to the allowable deduction for the child if the other requirements of the statute are met. It is proper for the state court to regulate this matter as it is an important factor in the financial relationship between the persons concerned. Further, it facilitates a determination between the parents as to who is entitled to the deduction.
For the reasons assigned, the judgment of the district court is affirmed insofar as it increases the amount of child support payable at the present time by Mr. Pettitt to $125 a month for each of the minor children or a total of $250 a month and insofar as it orders the other provisions of the April 11, 1968 judgment to remain in full force and effect. The judgment is amended to provide that beginning September 1, 1972, the amount payable by Mr. Pettitt for the support of Bobby Eugene Pettitt, Jr. shall be further increased to $175 a month conditioned on the minor's actual enrollment in college, the $50 per month increase to continue in effect so long as the minor remains enrolled in college. The increase shall remain in effect during the usual summer vacation months even though the minor may not actually be attending college during those months.
Amended and as amended, affirmed.