CULPEPPER, Judge.
The plaintiff father filed a rule against the defendant mother to show cause why a prior alimony judgment for the support of the minor children should not be suspended during the 30-day summer visitation period that the children will be with the father. After a trial, the district judge amended the prior judgment by reducing the child support from $600 to $100 per month during the 30 days that the children are with their father. The defendant mother appealed.
In his written reasons, the district judge stated:
“There is merit to the demands of the father. Items such as school tuition, books and supplies, school lunches, school transportation would not be incurred during the summer months. During the month that the children are visiting with their father, Mary Cobb would have no expenses of the children for food, milk, entertainment or drugs and toilet articles. The court is aware that certain expenses relative to the care of the children are continuous. The sum of $100.00 should be sufficient to take care of the continuing obligations.”
In Wilson v. Wilson, 129 So.2d 61 (La.App. 3rd Cir. 1961), writ of certiorari denied, we recognized the right of the father to a suspension or reduction of child support during the time they visit with him. See also Williams v. Barnette, 226 La. 635, 76 So.2d 912 where our Supreme Court affirmed a similar award. Of course, this applies only to periods of visitation after the instant rule was filed.
We find the judgment of the district court in the present case is clearly correct.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.