331 So.2d 133 (1976)
Lester L. DUCOTE, Jr., Plaintiff-Appellant,
v.
Neva S. DUCOTE, Defendant-Appellee.
No. 5410.
Court of Appeal of Louisiana, Third Circuit.
April 14, 1976.
Rehearings Denied May 19, 1976.
Writ Granted July 1, 1976.
*134 Lewis & Lewis by Seth Lewis, Jr., Opelousas, for plaintiff-appellant.
Davidson, Meaux, Onebane & Donohoe by James E. Diaz, Lafayette, for defendant-appellee.
Before HOOD, GUIDRY and PETERS, JJ.
HOOD, Judge.
Plaintiff, Dr. Lester L. Ducote, Jr., instituted proceedings against his former wife seeking to have the amount of alimony and child support payments which he previously had been ordered to pay decreased from $800.00 to $600.00 per month. Defendant, Mrs. Neva Ducote, reconvened praying that the amount of alimony and child support payments be increased to $1,465.50 per month.
Judgment was rendered by the trial court on October 21, 1975, increasing the award of alimony and child support from $800.00 to $1,000.00 per month. Dr. Ducote appealed. Mrs. Ducote answered the appeal, praying that the award be increased to the amount claimed in her reconventional demand.
The sole issue presented is whether the award of alimony and child support made by the trial court should be maintained or increased or reduced.
Dr. and Mrs. Ducote were married in 1957, and of that union five children were born. One of the children is now deceased, but four of them are living, a son and three daughters. All of the surviving children are minors. The parties separated in 1968, and judgment decreeing a separation from bed and board between them was rendered the next year. A judgment of final divorce was rendered on September 17, 1970, and in that judgment the permanent custody of the four minor children was awarded to Mrs. Ducote. In the above proceedings, plaintiff was ordered to pay alimony and child support to Mrs. Ducote in the amount of $900.00 per month.
About two years later, Dr. Ducote filed pleadings seeking to reduce the alimony and support payments from $900.00 to $400.00 per month, alleging that he had discontinued practicing medicine in Lafayette, Louisiana, that he had moved to *135 Houston, Texas, where he was engaged in studies to further specialize in his profession, and that his income thus had been drastically reduced. The parties thereafter entered into a stipulation that the amount of alimony and support payments would be reduced to $800.00 per month, beginning June 1, 1973, reserving to the parties the right to apply for modification of such an award. Following that stipulation, judgment was rendered by the trial court on May 30, 1973, reducing the amount of alimony and support payments which Dr. Ducote was required to pay from $900.00 to $800.00 per month, beginning June 1, 1973.
Dr. Ducote returned to Lafayette in 1974, and he has been engaged in the practice of medicine there since July 1 of that year. During the last week in June, 1974, his oldest child, Lester J. Ducote, left Mrs. Ducote's home and he has been living with his father, Dr. Ducote, continuously since that time.
In 1975, Dr. Ducote filed pleadings in which he seeks a judgment decreeing among other things (1) that he be awarded the permanent custody of his minor son, Lester J. Ducote, and (2) that the amount of alimony and support which he previously had been ordered to pay be reduced. Mrs. Ducote answered and she filed a counter claim praying that the amount of alimony and support be increased to $1,465.50. She did not contest the transfer of custody of her oldest son to the father. A hearing was held first on the issues relating to custody, and a separate hearing was held later on the issue relating to alimony and child support.
After the first hearing, judgment was rendered in the trial court on March 31, 1975, transferring the custody of the oldest child, Lester J. Ducote, to plaintiff, Dr. Ducote, and decreeing that Mrs. Ducote continue to have custody of the three minor daughters of the parties. No appeal has been taken from that judgment. Following the second hearing, judgment was rendered by the trial court on October 21, 1975, ordering that Dr. Ducote pay to his wife the sum of $1,000.00 per month, to be divided $600.00 for child support, and $400.00 for alimony. Dr. Ducote appealed from the last mentioned judgment, rendered on October 21, 1975, and it is that appeal which is before us now. As already noted, Mrs. Ducote answered the appeal, praying that the award of alimony and support be increased to $1,465.50.
Dr. Ducote has been engaged in practice as a cardiologist in Lafayette, since July 1, 1974. He has been the only cardiologist in that city since that date. His income has been substantial after his return to Lafayette, and he stipulated that he is able to pay the full amount claimed by Mrs. Ducote as alimony and child support in the event the court orders him to do so, although he contends that she is not entitled to the increases which she seeks. It is unnecessary for us to discuss the amount of his earnings, since he has stipulated that he is able to pay the full amount claimed.
Plaintiff remarried after his divorce from defendant, and he lives in a comfortable, five bedroom home in Lafayette with his second wife. Living in that home with him and his second wife are the latter's four children, issue of her prior marriage, a new born child born of the marriage of Dr. Ducote and his second wife, and Dr. Ducote's oldest child, Lester J. Ducote. The second Mrs. Ducote receives payments from her former husband for the support of her children. Dr. Ducote owns four automobiles and a boat, and he purchased a motorcycle for his son who has been living with him since June, 1974.
Dr. Ducote contends that since the custody of his oldest child has been transferred to him, his former wife now has to support only three children, instead of four, and that the amount of child support which he heretofore has been required to pay to defendant should be reduced. He points out that defendant and her children *136 live in a nice neighborhood, that the children attend very acceptable schools, that they have been adequately fed and clothed, and that their needs have been met by the payments of $800.00 per month which heretofore have been made to defendant. He argues that since defendant has demonstrated that she can live on that amount per month, she is not entitled to an increase in alimony and child support, but on the contrary, that the amount of support should be reduced since she has one less child to support now.
Mrs. Ducote contends that she needs at least $1,465.50 per month to provide for her needs and for those of her three minor daughters. She argues that inflation and the ages of her daughters require greater expenditures for education, food, clothing, transportation, medical and dental bills, and entertainment, than have been required heretofore. She concedes that she has cared for herself and her children on a budget of $800.00 per month since May, 1973, but she points out that that was all she was able to get, and she stated that it was because of her inability to provide for all of their needs on such a budget that her oldest child left her home and went to live with his father in 1974.
Defendant executed and filed in the record an affidavit in which she itemizes the amounts she needs each month to provide for herself and her three daughters. She indicates in that affidavit that an award of $1,475.50 per month is necessary to enable her to meet those needs. She testified that to make ends meet she must obtain an award of the amount shown in the above affidavit, plus the additional sum of approximately $120.00 per month to cover the expense of painting her home, of paying additional insurance premiums and of enabling her daughters to resume the dancing lessons which were discontinued in 1973.
Mrs. Ducote produced her income tax returns for 1973 and 1974, and all of her cancelled checks issued during a period of more than a year prior to the trial. Plaintiff contends that those returns and cancelled checks show that defendant's demands are excessive. After analyzing all of those checks, Dr. Ducote concedes that defendant actually needs $754.55 per month in order to meet her needs and those of her children, and he argues that the award made by the trial court should be reduced to the sum of $755.00.
One of the items of expense claimed by Mrs. Ducote, and listed in the above affidavit, is $400.00 per month for food for herself and her three daughters. Dr. Ducote separated all of the checks which were issued by defendant in 1974 and during a part of 1975, and which were payable to food stores, and from those checks he computed that she had spent an average of only $125.91 per month for food for herself and her family during that time. He used that figure in concluding that she needs only $755.00 per month as alimony and support. Mrs. Ducote explained that she also spent cash for food items, and she maintains that her food bill averaged more nearly $400.00 per month, rather than the amount suggested by plaintiff. We think Dr. Ducote's proposed allowance for food is totally unrealistic, and that Mrs. Ducote's estimate of her food bill comes nearer being correct. Assuming, however, that Mrs. Ducote has managed to feed a family of four, and for a time five, on $125.91 per month, we do not feel that she should be compelled to do so any longer. In our view, she is entitled to an allowance of substantially more than the sum urged by plaintiff to provide food for herself and her three children.
Mrs. Ducote also includes as a necessary expense, the sum of $150.00 per month for a "car note." Plaintiff points out, correctly, that defendant does not owe an indebtedness on the car she now owns. Defendant explained, however, that her car is a 1969 model Ford, it is more than six years old, and it has been driven more than 50,000 miles. She feels that it is *137 necessary for her to replace the car, and she seeks to obtain an allowance of $150.00 per month to enable her to do so. Dr. Ducote contends that she is not entitled to an allowance for that purpose. We feel that she is. She must provide transportation for herself and her children, and considering the age of her present automobile, we agree that a reasonable allowance should be made to allow her to replace it with a never and more dependable vehicle.
We cannot accept Dr. Ducote's argument that defendant needs only $755.00 per month as alimony and support, primarily because the figure suggested by him does not include an allowance enabling her to obtain a better car and because his proposed allowance for food is grossly inadequate. Considering the aggregate amount which Dr. Ducote admits should be allowed, plus the additional amounts which we find should be included in the award, we conclude that defendant is entitled to at least the amount awarded by the trial court, that is $1,000.00 per month, as alimony and child support.
Dr. Ducote argues, however, that under our law "the amount of alimony paid to the wife as permanent alimony should cover only food, clothing and shelter, these items alone," and that the wife "is not entitled to be supported in the manner to which she had been accustomed during the marriage." He cites several cases to support that argument, the most recent ones being Leavines v. Leavines, 224 So.2d 26 (La.App. 4 Cir. 1969), and Guarisco v. Guarisco, 271 So.2d 553 (La.App. 1 Cir. 1972).
We are aware of the line of cases which hold that the alimony provided in Article 160 of the Civil Code is regarded as a pure gratuity, and that the amount thereof is to be fixed so as to provide the wife with sufficient means for her maintenance, and that "maintenance" has been interpreted to include primarily food, shelter and clothing. In the recent case of Bernhardt v. Bernhardt, 283 So.2d 226 (La. 1973), our Supreme Court held that although the term "maintenance" means primarily food, clothing and shelter, it also includes other reasonable necessities. In that case the Supreme Court said:
"We are convinced that the Court of Appeal's award of $650.00 per month alimony for Mrs. Bernhardt is not excessive but is in fact justified. This amount has been proven necessary for her maintenance. Common sense dictates that the term `maintenance', while meaning primarily food, clothing and shelter, does include such items as reasonable and necessary transportation or automobile expenses, medical and drug expenses, utilities, household expenses, and the income tax liability generated by the alimony payments made to the former wife. Both courts below determined that Mrs. Bernhardt had borne the burden of proving her necessary expenses and established her entitlement to at least the $650.00 amount fixed by the Court of Appeal. We agree with those findings by the courts below."
In the instant suit, the trial court allowed Mrs. Ducote $400.00 per month as alimony. The evidence shows, and plaintiff concedes, that it is necessary for her to pay $208.50 per month as payments on the home in which she lives. Considering that expenditure alone, we hold that an award of $400.00 per month as alimony is not excessive even under the jurisprudence relied on by plaintiff. We reject plaintiff's argument that the trial court abused its discretion in allowing Mrs. Ducote that amount as alimony.
The trial court also allowed Mrs. Ducote $600.00 per month as support for her three minor daughters. Plaintiff contends that in determining the amount of child support to be awarded, the court must take into consideration the "needs" of the children and the circumstances of those obligated to pay the support. He argues that the amount of support which he should be required to pay should be based on their needs, as distinguished from their desires, *138 and he contends that the award made by the trial court is in excess of their needs.
In this case, the evidence shows that the "circumstances" are such that Dr. Ducote is financially able to pay the amount awarded by the trial court. He, in fact, has stipulated that he is able to pay more than that amount. Our concern here, therefore, relates solely to the needs of the children.
Parents are obligated to support, to maintain and to educate their children according to their station in life. LSA-C.C. art. 224. The term "alimony" means that which is necessary for the nourishment, lodging and support of the person who claims it. It includes the education, when the person to whom the alimony is due is a minor. LSA-C.C. art. 230.
It has been held that the father's obligation to support his children may be greater than just to supply the bare necessities of life. The children are entitled to be maintained in the same standard of living as would be their custom if living with the father. Pettitt v. Pettitt, 261 So.2d 687 (La.App. 2 Cir. 1972); Gay v. Gay, 226 So.2d 926 (La.App. 2 Cir. 1969); Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (1953); Bernhardt v. Bernhardt, supra.
The trial court is vested with wide discretion in fixing child support, and it is only where there is a clear abuse of that discretion that appellate courts will disturb the awards of support made by the trial judge. Fellows v. Fellows, 267 So.2d 572 (La.App. 3 Cir. 1972); Gay v. Gay, supra, and Pettitt v. Pettitt, supra.
After reviewing the record carefully, we find that the award of $600.00 per month made by the trial court for child support is not excessive. Our conclusion is that plaintiff is not entitled to have the award made by the trial court as alimony and child support reduced.
We turn now to defendant's contention that she is entitled to have the award made by the trial court increased. Although we feel that she is entitled to at least the amount awarded by the trial court, we believe that some of her claims are inflated and we cannot say that the trial court abused its discretion in limiting the amount of the award to the aggregate sum of $1,000.00 per month. We thus reject defendant's argument that the award of alimony and child support made by the trial court should be increased.
Plaintiff argues, finally, that Mrs. Ducote is jointly obligated with him for the support of the children, and that she should be compelled to contribute to their support. He points out, correctly, that Mrs. Ducote is a licensed and qualified practical nurse, and that she probably can obtain employment which would provide her with an income. Mrs. Ducote has not worked at any time since she married plaintiff, except for a period of about two weeks while they were living together when she worked as a substitute nurse. She has not been employed at any time since they separated in 1968. She has no income, other than the alimony and support which she receives from plaintiff.
We agree that the father and mother are jointly obligated to support, maintain and educate their children. See LSA-C.C. art. 227; Porter v. Cooley, 293 So.2d 258 (La.App. 3 Cir. 1974); Marcus v. Burnett, 282 So.2d 122 (La.1973); La. Const., Art. I, Sec. 3. In the instant suit, however, we believe that Mrs. Ducote is justified in remaining at home to care for her three young daughters. It is necessary for her to provide transportation for at least some of her children to and from school, to care for them at home and to provide supervision for them. Considering those facts and the ages of the children, we find that under the circumstances presented here she should not be compelled to seek employment to enable her to contribute to their support.
Our ultimate conclusion is that there is no error in the judgment of the trial court which condemns Dr. Ducote to pay to defendant the aggregate sum of $1,000.00 per month as alimony and child support.
*139 For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.