339 So.2d 835 (1976)
Lester L. DUCOTE, Jr.
v.
Neva S. DUCOTE.
No. 58189.
Supreme Court of Louisiana.
November 8, 1976.
Rehearings Denied December 10, 1976.
*837 James E. Diaz, Davidson, Meaux, One-bane, Donohoe, Bernard, Torian & Diaz, Lafayette, for defendant-applicant.
Seth Lewis, Jr., Lewis & Lewis, Opelousas, for plaintiff-respondent.
SANDERS, Chief Justice.
Neva S. Ducote sought a review of the Court of Appeal's judgment affirming the district court's decree ordering Dr. Lester L. Ducote, Jr., her former husband, to pay her $400.00 for alimony and $600.00 for child support. La.App., 331 So.2d 133 (1976). We granted a writ to review the judgment. La., 334 So.2d 220 (1976).
The parties married in 1957 and divorced in 1970. The divorce judgment awarded Mrs. Ducote the custody of their four minor children and an alimony and child support stipend of $900.00 per month.
Dr. Ducote ceased practicing medicine in 1973 to pursue graduate studies which would enable him to specialize in cardiology. Due to substantial loss of income, the parties stipulated to a reduction of the payments to $800.00 a month. The court entered judgment accordingly.
At the end of June, 1974, Lester J. Ducote, the only son, left his mother's home and began to live with his father.
In January, 1975, the father instituted proceedings seeking the permanent custody of his son and a reduction of the monthly support payments. Mrs. Ducote filed a counter-claim requesting that the payments be increased to $1,465.50 per month. After separate hearings on the demands, the court transferred the custody of Lester to the father and granted Mrs. Ducote an increase of the award to $1,000.00, $400.00 for alimony and $600.00 for child support.
Dr. Ducote appealed the judgment increasing the support payments. In her answer, Mrs. Ducote prayed for an increase of the payments to $1,465.00. As we have noted, the Court of Appeal affirmed.
Mrs. Ducote alleges that the Court of Appeal erred in failing to grant her full demand for alimony and support.
Article 160 of the Louisiana Civil Code vests the court with discretion in awarding a wife who is not at fault permanent alimony after divorce. The proper award is that amount which will provide the wife with sufficient means for her maintenance. The alimony payment may never exceed one-third of the husband's income.
In Bernhardt v. Bernhardt, La., 283 So.2d 226 (1973), this Court outlined the parameters of the term "maintenance." We stated:
"Common sense dictates that the term `maintenance', while meaning primarily food, clothing and shelter, does include such items as reasonable and necessary transportation or automobile expenses, medical and drug expenses, utilities, household expenses, and the income tax liability generated by the alimony payments made to the former wife."
See also Kent v. Kent, La.App., 323 So.2d 817 (1975); Perry v. Perry, La.App., 319 So.2d 479 (1975), cert, denied, La., 322 So.2d 775 (1975); Bryant v. Bryant, La.App., 310 So.2d 648 (1975).
For a court to alter an alimony award established by a consent judgment the party seeking modification must show a change in circumstances of either party from the time of the award to the time of the trial of the alimony rule. Bernhardt v. *838 Bernhardt, supra; Fisher v. Fisher, La. App., 320 So.2d 326 (1975); Swider v. Swider, La.App., 314 So.2d 372 (1975), cert, denied, La., 320 So.2d 551 (1975).
Mrs. Ducote urges that the monthly alimony payments should be increased to $600.00 because Dr. Ducote's income has substantially increased since 1973, and because the cost of living has risen.
In rebutting this contention, Dr. Ducote points out that with the monthly award of $800.00 she has been able to manage a household of five people, remain current on her bills, live in a very nice neighborhood, provide the proper schooling, clothing, and food for herself and her children, and make contributions to her church.
The fact that the cost of living has risen does not alone constitute such a change in circumstances that warrants an increase of an alimony award. These higher costs affect both parties equally. Moreover, since the percentile of inflation fluctuates monthly, a court would be hard pressed to arrive at an accurate figure to reflect this factor. See, Fakouri v. Perkins, La. App., 322 So.2d 401 (1975); Gennaro v. Gennaro, La.App., 306 So.2d 756 (1975), cert, denied, La., 310 So.2d 844 (1975).
Mrs. Ducote's evidence demonstrates that the physician's income was formerly $7,800.00, whereas, in 1975 his gross income was approximately $163,000.00. The evidence thus reflects an estimated $155,200.00 annual difference from the time of the award to the time of the trial of these proceedings. The physician has since remarried.
Mrs. Ducote's monthly bills include a $208.50 home mortgage note, property taxes, house insurance, household expenses, utilities, telephone, food, clothing, medical bills, and income tax. We agree with the lower courts that the composite monthly budget is exaggerated. We find, however, that the evidence supports an additional amount of $100.00 monthly for the wife's maintenance, or an award of $500.00 per month as alimony.
Louisiana Civil Code Article 227 provides that parents have the obligation to support, maintain, and educate their children. This support shall be granted in proportion to the needs of the child and the circumstances of the parent who is to pay. LSA-C.C. Art. 231. If the parents are divorced and the children are living with their mother, the children are entitled to the same standard of living as if they resided with their father whenever the financial circumstances of the father permit. Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (1953); Sarpy v. Sarpy, La.App., 323 So.2d 851 (1975), cert, denied, La., 328 So.2d 166 (1976); Phillips v. Phillips, La.App., 319 So.2d 566 (1975).
Dr. Ducote stipulated at the trial that he was financially able to pay the full amount Mrs. Ducote prays for.
Mrs. Ducote alleges that the father's monthly child support payments should be increased to $865.50. To justify this increase she points to the extraordinarily high earnings of the father, the higher cost of living, and the additional expenses for the children.
Dr. Ducote contends that since one child has been transferred from her custody to his, the child support payments should reflect that she is now only responsible for the three girls.
Mrs. Ducote has failed to show that the daughters residing with her (ages 14, 10, and 9) are subject to a lower standard of living than that which would be afforded them living with their father. Their home is only four blocks from Dr. Ducote's home. The girls have taken both dancing and piano lessons; in order for them to practice, their father bought them a trampoline and a piano. Mrs. Ducote admits that her former husband gives them generous gifts, and that on one occasion he gave the fourteen year old a designer dress. Her testimony further reveals that they live in a desirable neighborhood, that they are properly clothed, housed, and fed. This evidence indicates that the girls are provided a standard of living harmonious with their father's station.
*839 For the reasons already noted, the higher cost of living is not of itself determinative of an escalation in the award.
We agree with the Court of Appeal in rejecting the doctor's contention that his former wife should accept employment and contribute monetarily to the support of the children. Although Mrs. Ducote is a licensed practical nurse and her children attend school, we believe under the circumstances that she is justified in remaining at home. If she did accept employment, she would have to hire a housekeeper to perform the household duties and to care for the girls when they return home from school. Moreover, daughters of this age need the attention of a mother. The duties of preparing meals, washing clothes, providing transportation, furnishing care and guidance, and performing all the day-to-day services that are demanded of a mother contribute substantially to the mutual obligation of support. See Gravel v. Gravel, La.App., 331 So.2d 580 (1976); Fall v. Fontenot, La.App., 307 So.2d 779 (1975).
Mrs. Ducote's final contention that the children's needs greatly exceed the lower court's award is not supported by any concrete evidence in the record. In fixing the amount of support, the trial judge is vested with considerable discretion. The record does not convince us that the trial judge abused his discretion in setting the child support payment at $600.00 per month. See Cloud v. Cloud, La.App., 276 So.2d 389 (1973); Fellows v. Fellows, La. App., 267 So.2d 572 (1972); Pettitt v. Pettitt, La.App., 261 So.2d 687 (1972).
For the reasons assigned, the judgment of the Court of Appeal is amended to provide alimony to the wife in the amount of $500.00 per month and a total award for alimony and child support of $1,100.00 per month. As thus amended, the judgment of the Court of Appeal is affirmed.
DENNIS, J., concurring in part and dissenting in part is of the opinion the former wife is entitled to the full relief sought.