BAILES, Judge.
This appeal involves the correctness of the quantum of the award of child support the plaintiff-father was ordered to pay for support of his child, Francis J. Toups, Jr., issue of the marriage between the parties. In the divorce judgment dissolving the parties’ marriage no alimony was awarded to the defendant.
That portion of the judgment about which this appeal is involved is, as follows:
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the above child support award is divided as follows: One Hundred Seventy-five and No/100 ($175.00) Dollars is for the support of the child and One Hundred and No/100 ($100.00) Dollars is for the care of said child.”
Simply stated the issue is: Within the context of the facts herein, is a father obliged to pay the defendant-mother for the daily care of their child.
The record is barren of any notes of evidence, save and except two exhibits in the record one of which appears to be an itemization of the defendant’s total household expenses and the other is an itemization of the total living expenses attributable to the child of the parties.
Apparently there are four persons living in the defendant-mother’s home. These include the defendant-mother, two children of her first marriage and the child, Francis Toups, Jr., whose age at this time appears to be five years. The ages of the other two children of a prior marriage are not shown.
It is not disputed that the monthly living expenses of this household is $555, of which amount $178 is attributable to the child, Francis Toups, Jr.
LSA-C.C. Article 227 provides:
“Fathers and mothers, by the very act of marrying contract together the obligation of supporting maintaining, and educating their children.”
By the trial court’s reasons for judgment it is clear that the mother is not remaining away from employment for the purpose of caring for the child. The trial court stated:
U % * *
“In this respect the evidence reflects that the plaintiff father’s monthly net income is $950.00 and his monthly expenses are $581.00. On the other hand, the sole income of the defendant mother is $100 per month which sum was awarded as child support in a previous judgment for the two children by her first marriage. Her monthly expenses for the support of the minor, Francis Toups, Jr., total $178.00 and the expenses she would ordinarily incurr (sic) for the day care of the child if she worked would total $200 per month. However, she has not been gainfully employed since she was first married. All of her time is spent in providing for the daily care of her children.
“The defendant is 34 years of age; she has an eighth grade education; she lives four and one-half miles from the nearest town where there are no job opportunities; and she does not own an automobile. Since the income with which she must provide for the minor child is non-existent and since her ability to earn is very limited the court finds that the bulk of the child’s financial support should be born by the father.
“The court further considers the service that she renders in the daily care of the minor child to be an added expense for which she has not been compensated. If she would find employment the income earned thereby would be minimal and most of it would be expended for the cost of day care or baby-sitting. Any such employment would therefore not be gainful employment.
<< * * »
It is clear that the father is paying the full monetary support of his child. We find no error in this award and the father makes no complaint of this determination. We find, however, that the trial court abused its much discretion in condemning the father to pay the mother for her daily care of *1213 their child. Herein the custodial mother is not entitled to be compensated by the father as this is her contribution of the father and mother’s mutual obligation which they contracted together in their marriage.
The day to day care, guidance and supervision of the child, including the preparation of meals, washing, ironing and mending of clothes and the performance of myriad other things required of a custodial parent is the defendant-mother’s contribution to the mutual obligation óf support. The father is paying for the total monetary support of the child. See Ducote v. Ducote, 339 So.2d 835 (La.1976).
For the foregoing reasons, the judgment appealed is amended by decreasing the award for the support of Francis J. Toups, Jr., to $175 per month. Cost of this appeal to be paid by plaintiff-appellant.
AMENDED AND AFFIRMED.