PONDER, Judge.
Mrs. Rockhold, the former Mrs. Gaidry, appealed from the judgments awarding $475.00 per month support for three children and setting certain visitation rights. Mr. Gaidry answered the appeal seeking a reduction in the support and an increase in visitation rights.
The issues are the amount of child support, the extent of visitation rights and the reduction in child support during extended visitation in the summer months.
We amend and affirm as amended.
Originally, Mr. Gaidry was ordered to pay $600.00 per month, which by agreement was allocated $375.00 as alimony and $225.00 as child support. When Mrs. Rockhold remarried, Mr. Gaidry sought and obtained a reduction of the payment to $225.00 per month. Mrs. Rockhold filed a rule to increase the child support. Mr. Gaidry filed a rule to fix visitation rights, asking that they be fixed on alternate weekends and six weeks every summer. After trial the court increased the amount of support to $475.00 per month and gave visitation rights on alternate weekends and during four weeks in the summer time. The amount of child support was fixed at $100.00 per month during these four weeks.
Both appellant and appellee have devoted much time and effort in arguing about some interrogatories and subpoenas duces tecum and proof of changed circumstances. We find it unnecessary to discuss these points since Mr. Gaidry admitted that he was making more money than he had at the time of the first decree. The court increased the amount of child support which had to be based on a finding of changed circumstances. We agree with that conclusion.
We disagree, however, with the amount set for support. The father’s ability to pay is not seriously questioned since his 1977 total income was shown to be in excess of $100,000.00. He attempts to prove limited ability because of large payments being made to the banks on mortgage indebtedness arising out of some business transactions. However, the father cannot avoid or limit his child support by contracting to pay larger payments on indebtedness. We are more concerned with his income.
While the testimony in regard to the amounts needed for the children were not skillfully and most effectively presented, nevertheless, we believe that the following amounts were proved:
Housing $100.00
Pood & Household 250.00'
Transportation 130.00
Dental 25.00
Medical 15.00
Utilities 75.00
Dry Cleaning 10.00
Haircuts 20.00
Lunches 21.00
School Supplies 25.00
Recreation, etc. 50.00
Summer Camps 75.00
Swim Club 20.00
Piano 30.00
Gymnastics 25.00
Tutor 80.00
Orthodontist 83.00
$1034.00
It is seriously contended that some of the above items are more luxuries than necessities. However, within the parents’ ability to pay, the children should be afforded the same standard of living that would be afforded them were they living with the father. Ducote v. Ducote, 339 So.2d 835 (La.1976).
Also it is argued that some of these items are of at least partially an emergency nature that should be paid by the father above any award made. Evidently, such has not been done in the past, so we elect to include them in the award.
We believe that the amount of support should be increased to $900.00 per month.
Appellee argues that the duty to support also falls upon the mother. We agree. However, at least part of her obligation is satisfied by her daily attendance to their needs. Ducote v. Ducote, supra. Mrs. Rockhold, also, had recently entered into a new business which had not yet attained a profitable status.
*646 While the visitation rights border on the excessive, we do not alter them. When the children grow older and cultivate more interests on their own, it may be necessary to amend these, but at the present time we do not reduce.
We believe that the reduction of child support to $100.00 per month during extended visitation in the summer to be erroneous. The latest example we find is in Simon v. Calvert, 278 So.2d 792 (3rd Cir. 1973) which we interpret to be of special circumstances, and distinguishable in any event. Most of the expenses are of the nature to continue even in the temporary absence of the children. Furthermore the list given above shows that some of the expenses, for example, camps and day camps, would be higher in the summer. Any saving during the visitation with the father would be offset.
For these reasons we amend the judgment to $900.00 per month and eliminate the reduction during the children’s visitation with the father. As amended the judgment is affirmed. The costs are allocated to the appellee.
AMENDED AND AFFIRMED.