SCHOTT, Judge.
This is an appeal by a father from a judgment increasing child support for his two minor children from $700 per month set on June 30,1971, to $1250 set on October 24, 1979. The issues are whether the evidence supports the increase and whether the new amount of child support constituted an abuse of the trial court’s discretion.
The two children are a girl born December 17, 1964, and a boy born December 17, 1966. Since the time of the first judgment both parents have remarried, the mother having two children by her second *1018 marriage and the father, one. The father’s income at the time of the second judgment was approximately $5,000 per month, which was a substantial increase over his income in June, 1971. The mother testified that the boy now requires psychiatric treatments once or twice a week at $60 per treatment (not a requirement in 1971). The tuition of both children, with the girl now in high school and the boy attending a private school, and all other expenses for the two children for food, clothing, recreation, transportation and shelter have increased considerably. This evidence is sufficient to warrant an increase for the support of the children in the amount of $550 per month, especially considering the increase in the cost of living between June 30, 1971, and October 24, 1979, and considering that the father with his increased income is in a position to provide his children with a higher standard of living than they were entitled to at the time of the first judgment. On the basis of this evidence and these inferences, we are not persuaded that the trial judge abused his discretion in making the increase. Phillips v. Phillips, 319 So.2d 566 (La.App. 4th Cir. 1975), Lamothe v. Lamothe, 262 So.2d 87 (La.App. 4th Cir. 1972).
The principal arguments of the father are that he should be permitted to pay for the psychiatric treatments himself rather than to include the cost of those treatments in the support payment to his former wife, and that the overall household figures provided by the wife indicate that his support payments for his two children are being used in large measure to support his former wife and her present husband, as well as their own two children born of their marriage.
On the first contention, appellant has no legal authority for suggesting that the custodial parent should not receive the amounts for medical support and pay the bills herself. Appellant cites no authority to require that he be given the right to pay these medical bills himself.
The second argument is not supported by the evidence which we have already discussed concerning current needs of the children and the means of their father. Starting from the proposition that the children are entitled to enjoy a standard of living commensurate with their father’s, it seems impractical for the former wife to isolate her two older children from her new family when her entire family must share the same household, eat at the same table, and spend most of their time together in the same activities. Considering all the circumstances, we are unable to conclude that any error has been demonstrated in the judgment of the trial court, and it is affirmed.
AFFIRMED.
REDMANN, J., concurs with assigned reasons.