514 So.2d 701 (1987)
Victoria Cummings CULPEPPER, Appellee,
v.
Jack Haywood CULPEPPER, Jr., Appellant.
No. 19046-CA.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1987.
William E. Byram, Shreveport, for appellant.
James L. Fortson, Shreveport, for appellee.
FRED W. JONES, Jr., Judge.
The mother of a five year old child filed a rule against her former husband to increase child support and modify a joint custody provision of a divorce judgment. From an adverse judgment, the defendant-in-rule appealed. For the following reasons, we affirm.
Jack Culpepper, Jr. and Victoria Culpepper were married in 1977. Trevor Culpepper was born of this marriage in 1981. The Culpeppers were legally separated in 1983 and divorced in 1984. Both judgments awarded joint custody of the minor child to the parents, with domiciliary custody assigned *702 to the mother. The father was ordered to pay $200 monthly as child support.
Mrs. Culpepper filed this rule in 1986 to increase the child support and modify the joint custody plan with reference to the father's visitation rights.
At the hearing on the rule it was established that the father's gross income as a salesman in 1983 was $27,600 and that his approximate income in 1986 was $40,000. Mr. Culpepper had remarried in 1986. His current wife, the mother of two children, was employed and had a 1986 salary of some $13,000.
Mrs. Culpepper testified that since the divorce judgment the cost of rearing her minor child had substantially increased, in terms of food and clothing costs, medical and dental bills, schooling and extra-curricular activities. It was also explained that the five year old child had been diagnosed as hyperactive, requiring monthly sessions with a psychologist, who verified this in her testimony. Monthly cost of this treatment amounted to $160.
In oral reasons for judgment, the trial judge concluded that, exclusive of private school tuition and monthly bills of the psychologist, the minimum monthly expense of rearing Trevor came to $640. Consequently, in view of the father's increased income, the monthly child support was increased to $500. In addition, the joint custody plan was modified as to Culpepper's visitation rights.
The primary complaint of the father, on appeal, is that the mother failed to prove by a preponderance of evidence a substantial change in circumstances which would justify an increase in child support.
Child support awards are always subject to increase or modification if the needs of the child and/or the ability of the parent to pay so warrants. Pettitt v. Pettitt, 261 So.2d 687 (La.App. 2d Cir.1972). The party seeking an increase, however, is generally required to prove a change in circumstances of one or both parents. The trial court is granted considerable discretion in the modification of support awards. His determination will not be disturbed on review unless the record reveals a clear abuse of discretion. Kellogg v. Kellogg, 375 So.2d 200 (La.App. 2d Cir.1979); Kuhn v. Kuhn, 420 So.2d 1026 (La.App. 5th Cir. 1982); Durbin v. Durbin, 424 So.2d 1130 (La.App. 1st Cir.1982); Seal v. Bell, 464 So.2d 1026 (La.App. 1st Cir.1985).
In this case, the trial judge stated in his oral reasons for judgment that he based his decision on the increased expenses related to the care of a 5 year old as opposed to a 2 year old which he felt were proven adequately, though not with mathematical certainty. He also noted the recently acquired expense of a child psychologist, necessitated by the child's hyperactivity and emotional problems related to the divorce, and properly considered the non-pecuniary contributions made by the mother. Kuhn, supra. He thus found plaintiff had proven a change in circumstances in the form of increased child-rearing expenses.
Culpepper claims the trial judge failed to consider the impact of La.C.C. Art. 227, which places a mutual obligation upon parents for the support of their children. This article, however, must be read in conjunction with La.C.C. Art. 231, which provides that alimony shall be granted in proportion to the needs of the one requiring it, and the circumstances of the one who is to pay. Ducote v. Ducote, 339 So.2d 835 (La.1976); Sims v. Sims, 457 So.2d 163 (La.App. 2d Cir.1984); Chaffee v. Chaffee, 398 So.2d 1169 (La.App. 2d Cir.1981).
Moreover, judicial consideration of all pertinent circumstances is appropriate in support modification proceedings. Mittelbronn v. Mittelbronn, 363 So.2d 1312 (La. App. 4th Cir.1978). Both parent's income, and that of their respective spouses, is a legitimate consideration in determining whether a change in circumstances has occurred. Seal v. Bell, supra.
In addition to the increased expenses, which the trial court found adequately proven, the defendant's ability to provide for the child has also increased since the date of the consent judgment. While he earned $27,000 in 1983, by the time of this trial he was earning almost $40,000 per *703 year and was married to a woman earning $13,000 annually. Since his wife's income is also a legitimate factor to consider, Marcus v. Burnett, 282 So.2d 122 (La.1973), and together they earn approximately $53,000 per year, his income has nearly doubled.
Determination of the amount of the increase in support is also within the trial judge's sound discretion. Ducote, supra; Sims, supra; Hudson v. Hudson, 421 So.2d 1188 (La.App. 2d Cir.1982); Mittelbronn, supra; Stagg v. Stagg, 436 So.2d 1202 (La.App. 4th Cir.1983), writ denied, 442 So.2d 453 (La.1983). In arriving at an award, the totality of relevant circumstances must be considered. Seal v. Bell, supra. In Hudson, supra, this court found the evidence supported an increase in the amount of $125 per month, based on the father's increased income, notwithstanding the fact that the record was devoid of evidence establishing an increase in the mother's child-care expenses.
It is also well recognized that when parents divorce, children are entitled to be maintained in the same standard of living as would be their custom if they continued living with their father, if his circumstances permit. Ducote, supra; Sims, supra. Thus if the father experiences an increase in income, the children are entitled to share in the elevated standard of living which results. Stagg, supra.
Moreover, the father's obligation may be greater than supplying the bare necessities of life. In Williams v. Barnette, 226 La. 635, 76 So.2d 912 (La.1954), the Supreme Court upheld a trial court judgment which required a father to provide parochial schooling and art, music and dancing lessons in addition to caring for his child's basic needs. See also Lamothe v. Lamothe, 262 So.2d 87 (La.App. 4th Cir.1972). This court in Carroway v. Carroway, 475 So.2d 48 (La.App. 2d Cir.1985), has also held that a trial court properly doubled a father's support obligation where his income had increased and the child's private school tuition had increased.
In view of the evidence concerning the increased expense of rearing this minor child, and the increased income of the father, we find no abuse of the wide discretion vested in the trial judge in his increase of the child support award. Consequently, the judgment of the district court is affirmed, at appellant's cost.