REGAN, Judge.
This is an appeal by Irene Vaughn Watzke from a judgment of the lower court refusing to order her ex-husband, Edwin George Watzke, to increase his support of their five minor children.
The record discloses that Mr. and Mrs. Watzke were divorced on February 2, 1966. At that time, the amount which Watzke was ordered to pay was permitted to remain at $311.00 per month, an amount which had been fixed during the pendency of the divorce action. Almost one year later, the court ordered Watzke to increase his payments to $325.00 per month, and on March 13, 1968, the court again ordered Watzke to increase his payments to the sum of $350.00 per month. Slightly more than six months later, on January 27, 1969, Mrs. Watzke again filed a rule for an increase in child support payments, which was dismissed by the lower court. The question which this appeal poses for our consideration is the correctness of the lower court’s dismissal of this rule.
The record discloses that by working for two employers, one full time in the day and one part time at night, Watzke earned a total gross income for the year 1968 of $11,484.04. In addition, he received $135.-00 per month rent from April, 1968, until the day of the trial on property which he purchased from his ex-wife in the course of settling the marital community. However, $128.00 of this amount must be paid on a second mortgage incurred by Watzke when he purchased the foregoing property. We have experienced some difficulty in determining from the record the net income of Watzke after taxes and other necessary deductions. However, he related that his net income is $850.00 per month, and this figure stands in the record uncon-tradicted. In the course of his testimony, he submitted a list of his monthly obligations, which total $1183.00. Three hundred fifty dollars of this amount represents monthly payments to finance companies to whom he repeatedly obligated himself so as to meet the increases in child support payments ordered by the court. There is some conflict in the evidence as to exactly how much Watzke’s obligations exceed his monthly income; however, it is clear that his income is totally inadequate to meet these obligations.
Mrs. Watzke asserted that she requires $741.71 in order to properly support her five children, who range in age from six to sixteen years. In her testimony, she included all of her expenses for rent and utilities and apparently all of her expenditures for food. She made no effort to apportion the amount which she spends for these items for the children, but obviously included in her figures the amounts ap-portionable to her own support. In addition, she asserted that all of her automobile expenses were imputable to her children and that she made no use of the vehicle for her own convenience. This statement taxes our credulity.
In our opinion, the real point of contention in the lower court was the fact that Watzke received a $15.00 per month raise from his part time employment in 1969 and a $45.00 per month raise from his full time job; and as a result thereof his gross income was increased $60.00 per month over the amount which he earned in 1968. However, he explained that after the required deductions were made from the $45.00 per month increase his net income from this raise amounted to approximately $28.00 or $30.00. It is obvious that similar deductions including taxes would be applicable to the $15.00 raise emanating from his part time job.
The jurisprudence of this state has consistently rationalized that the determination of the amount of child support payments to be made by a parent is largely within the discretion of the trial court. When-this discretion is fairly exercised, it will not be interfered with by the appellate courts unless the evidence clearly re *731 veals that the trial judge abused his discretion.[1] After hearing the evidence, the trial court offered the following reasons in support of its judgment for not increasing the amount being paid by Watzke:
“Frankly, there is not much difference in the situation as it has been presented to the Court on SEVERAL previous occasions, except that obviously the children are getting older and as they get older and as prices increase the expenses for the children go up. On the other hand I cannot require of MR. WATZKE to pay so much as to prevent him supporting himself either. Because by doing this I simply in effect stifle his income propensities and thus the children will get a reduced amount. It is true that his income has apparently increased slightly, but in view of the overall picture, it does not appear at this time that I am justified in increasing the amount of alimony for the children * * * »
The court acknowledged that the income received by Watzke increased slightly. It also recognized the fact that the respective ages of the children and the effects of inflation required more money for their support. However, the judge obviously considered the fact that Watzke was endeavoring to meet his obligation to his children by working for two employers. In view of the many appearances of Mr. and Mrs. Watzke in his court, the judge thereof was well acquainted with their circumstances, and he did not hesitate to order increases on two prior occasions when, in his opinion, they were warranted. However, in this instance, after evaluating all of the conflicting needs, he reasoned that an increase in child support payments at this time would do more harm than good to both litigants and to the children.
After a thorough analysis of the testimony offered on behalf of both litigants, we are convinced that the lower court did not abuse the discretion vested in it in refusing to grant Mrs. Watzke’s request for increased child support payments.
For the foregoing reasons, the judgment of the lower court is affirmed.
The plaintiff in rule is to pay all costs incurred herein.
Affirmed.

. See Sanders v. Sanders, 188 So.2d 192 (La.App.1966); Randle v. Randle, 144 So.2d 461 (La.App.1962).