STOULIG, Judge.
This is an appeal from a judgment dismissing defendant’s rule seeking a reduction in alimony and child support.
The initial judgment awarding alimony pendente lite and child support was rendered in July, 1971 and subsequently perpetuated in the default judgment of separation from bed and board. In each instance the amount of the awards was stipulated by agreement between the parties and no contradictory proceedings were conducted.
The rule to reduce was filed in May, 1972 and it was based upon the representation that because of a decrease in the husband’s volume of business he is unable to continue the prescribed support payments.
On the trial of the rule, the husband testified he had drawn only $428 per month from his business for the four previous months. He itemized two monthly expenditures only, i.e., rent $60 and laundry $15. The wife gave no testimony as to her own or her children’s needs.
In dismissing the rule for a reduction, the trial judge observed (1) he spent considerable time previously with the attorneys for the respective litigants in arriving at the $350 figure (the discussions or conferences apparently alluded to form no part of the record before us) ; (2) the husband owned a lounge and his testimony was “brief as to what he makes and such * * * ”; and (3) the present award of $350 would barely support a woman and two children.
The general rule in alimony matters, as expressed in McNeill v. McNeill, 223 So.2d 709 (La.App. 4th Cir. 1969); Vestal v. Vestal, 216 So.2d 386 (La.App. 3d Cir. 1968); and Zara v. Zara, 204 So.2d 76 (La.App. 4th Cir. 1967), is that the litigant requesting an adjustment in the initial award must prove a change in the financial condition of either one of the parties. But this rule is not applicable where the award sought to be modified was a consent judgment not previously fixed and determined in an adversary proceeding. See Moore v. Moore, 256 So.2d 782 (La.App. 4th Cir. 1972).
In this case both litigants concede in brief that the judgment for child support and alimony was a consent decree. As this court pointed out in the Moore case, the joint stipulation of the parties on an agreed amount of support, as a practical matter, is routinely approved without inquiry and summarily reduced to judgment. Such a judgment is not an adjudication of the obligation and extent of support by the court but rather a consent order or stipulated judgment. Thus it cannot be said that the alimony and child support in this case had been previously fixed and determined by the court in the prior rule which the defendant sought to modify.
Absent a hearing of evidence bearing upon the dependents’ needs and the husband’s financial ability to respond, neither party seeking an adjustment need allege or prove a change in financial circumstances. Upon the application of either spouse for an adjustment in the consent decree, the *93 court must hear evidence determinative of the issue as it would have done at the outset had no agreement been reached.
The case before us deals with alimony pendente lite. This is based on the means of the husband. LSA-C.C. art. 148. Means includes assets as well as income. The husband’s testimony quoad his financial condition is incomplete. He said that for the four months prior to bringing this rule his monthly draw from his own business (which he presumably controls) was reduced to $428. The record does not reflect what sum he drew monthly when the $350 support figure was agreed upon nor is there sufficient information to establish what effect the reduced draw had on his overall financial condition.
As to the wife’s needs for herself and her children, no evidence was adduced, presumably because counsel relied on the general rule that in adjusting alimony the plaintiff-in-rule has the burden of proving an alteration in financial circumstances of one or both of the parties. As we have stated heretofore, this rule of the Vestal case in inapposite.
We are unable to pass upon the merits of this appeal under the posture of the record as submitted since it contains no testimonial proof of the itemized needs of the wife and children or the ability of the husband-father to respond. Therefore we remand this matter for the purpose of having the trial court determine and fix the amount of support based upon the evidence adduced by the parties at a contradictory proceeding for this purpose.
Appellant, in brief, requests this court to modify other judgments rendered in this litigation; however, his appeal is limited to the judgment dismissing his rule to decrease alimony and child support payments. Therefore this is the only issue we have considered.
For the reasons assigned, the judgment appealed from is annulled and set aside and it is now ordered that this matter be remanded to the trial court for further proceedings consistent with the views expressed herein. Defendant-in-rule is to pay the cost of this appeal.
Judgment annulled; remanded.