PONDER, Judge.
Plaintiff appealed from a judgment denying a motion for reduction of child support.
The issues are: the validity of a stipulation for child support; the obligation of parental support for children with a separate estate sufficient for their maintenance; and the necessity of alleging a change in circumstances as a prerequisite to a change in child support.
We affirm.
Plaintiff stipulated to the payment of child support following lengthy negotiations between his and defendant’s attorney both on the separation and the divorce. At the time, plaintiff’s four children were principal and income beneficiaries of a sizeable trust. Approximately four months after the latter judgment, plaintiff moved for a reduction in child support. The motion was denied.
A consent judgment of child support will be modified only after a showing of substantial change in circumstances of the parties. Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973); Crum v. Crum, 330 So.2d 925 (La.App. 1st Cir. 1976). Plaintiff has not shown such a change. The trial court was correct.
First of all, appellant asserts that appel-lee has stipulated that certain allegations of the rule to show cause were true, thereby making it unnecessary for changed circumstances to be proved. Appellee asserts that it was the intention to stipulate that appellant would testify to the truth of the allegations. The statement by the court as to the results of a conference in chambers is indeed ambiguous on this point. However, the judge was a participant in the conference and has given to the stipulation the effect urged by the appellee. We find no error.
Plaintiff claims the stipulation for child support should be nullified as being based upon an error of fact. He alleges he was unaware of the financial needs and resources of his children at the time of the stipulation. On the trial of the motion for reduction of child support, defendant’s counsel stipulated that plaintiff would testify he was unaware of the necessary expenses of child-rearing. However, the first mention of this figure came in plaintiff’s petition for a separation. Plaintiff has cited no cases, and we know of none, allowing a reduction under these circumstances. We are unimpressed, therefore, with plaintiff’s argument that this ignorance of the exact cost should vitiate a stipulation to provide them with support. The repeated error, if any, was inexcusable under the circumstances.
Plaintiff’s next complaint is that he was prevented from proving the actual expenses required to raise his children. Prior to trial, counsel stipulated as to what matters would be at issue. The question of the amount of the children’s expenses was not included in the stipulation. The trial court was correct in excluding such evidence as outside the stipulation. LSA-C.C.P. Art. 1154.
Plaintiff next claims he should be relieved of his natural obligation to support his children because they have income producing property sufficient for their own maintenance. There is jurisprudence to the effect that the natural obligation of the father ceases, after the dissolution of the marriage, if his children have property from which a sufficient income may be derived to provide for their subsistence and education. LSA-C.C. Arts. 227, 229-231; Succession of Fontano, 196 La. 775, 200 So. 142 (1941). We find the case inapplicable here. Regardless of plaintiff’s legal obligation at the time of his divorce, he judicially consented to support his children. At that time he knew of the trust funds. He has not proved any change of circumstances.
For the above reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.