417 So.2d 57 (1982)
Lester L. BARBIER
v.
Ida Lamotte BARBIER.
No. 14924.
Court of Appeal of Louisiana, First Circuit.
June 29, 1982.
Raymond L. Simmons, Baton Rouge, for plaintiff-appellant Lester L. Barbier.
Mary Olive Pierson, Baton Rouge, for defendant-appellee Ida Lamonte Barbier.
*58 Before COVINGTON, COLE and WATKINS, JJ.
COLE, Judge.
We are faced here with a single issue. Did the trial court err in granting an increase in child support payments? Because we find the wife failed to prove there was a change in circumstances justifying such an increase, we reverse the judgment of The Family Court.
In April of 1980 plaintiff, Lester L. Barbier, filed for a legal separation on the ground of abandonment. His wife, Ida Lamotte Barbier, reconvened, seeking a separation on the ground of cruel treatment. Judgment was granted in her favor on June 5, 1980, and child support was set at $200 a month. Mrs. Barbier later filed a petition for divorce and a rule to have the alimony increased to $500 a month. After a hearing on the rule, The Family Court increased the amount of child support to $300 a month, effective July 1, 1981. It is from this judgment Mr. Barbier appeals.
It is well settled that in order to modify the amount of child support the moving party must prove a change in circumstances of one of the spouses. Blondeau v. Blondeau, 396 So.2d 403 (La.App. 1st Cir. 1981). After examining the record we conclude Mrs. Barbier failed in her burden of proof.
Three expense statements were filed into evidence. Two showed Mr. Barbier's income and expenses (as of June 1980 and June 1981). The third was a statement showing Mrs. Barbier's income and expenses, dated March 1980 and filed into evidence in June of 1980. At the trial on the rule (in June 1981) Mrs. Barbier referred to another expense statement but no such document was filed into evidence.
At the time the support payments were originally set, Mrs. Barbier's expense statement showed monthly expenses in the amount of $1,585.00. At the hearing on the rule she testified her expenses were then $1,557.00, a reduction of almost $30.00 a month. Her salary earned as an instructor at Southern University, was approximately the same in June 1981 as in June of 1980.[1] In addition, she stated she had been working at a part-time job daily since August of 1980, although she did not state how much total income she earned from that job. Therefore, we conclude Mrs. Barbier was making at least the same salary, if not more, in June of 1981 as in June of 1980.
The only direct testimony concerning a change in circumstances is as follows:
"Q. All right. Would you tell the court, before we describe your actual expenses, in what way they have increased and what things you're going to have to do for the children that you can't do now?
A. They have increased inasmuch as food has gone up and now they are home that is three meals a day during the summer. During school they would get one there. Clothing has gone up. Transportation, I have to drive them around. Gas has gone up. Everything is just skyrocketing. And the older the kids get the more they need."
While we can sympathize with Mrs. Barbier as to the general increase in prices, a cost of living increase alone is not sufficient cause for an increase in child support payments because any cost of living affects both parties. Ducote v. Ducote, 339 So.2d 835 (La.1976), rehearing denied 1976; Fakouri v. Perkins, 322 So.2d 401 (La.App. 3d Cir. 1975).
Concerning Mr. Barbier's circumstances, the record does not reflect any substantial change there. Although his monthly net income is a bit more in 1981 than in 1980 *59 (approximately $54 a month more), his expenses have increased substantially.
Appellee does not contend strongly she has proven a change in circumstances but instead points out the trial court is granted much discretion in the area of credibility of witnesses. The gist of her argument is that since the trial court believed Mrs. Barbier's statement that the children needed more money, we should not disturb this finding.
We do not see the issue as one of credibility, but as one of proof. This issue is whether or not Mrs. Barbier proved there had been a change in circumstances so as to warrant an increase in the child support payments. Appellee simply stated things cost more and her children needed more. These general allegations do not establish a significant change in circumstances, therefore, we reverse the judgment of The Family Court. Appellee is to pay costs.
REVERSED.
NOTES
[1] The June 1980 statement shows a monthly net salary of $1,130. This was apparently for a nine month period. She testified at the hearing her net income was at that time $859 for nine months, and $729 during the three summer months. Adding the last two figures together, it seems her net salary is about $250 a year less than what she stated on her expense statement. This descrepancy is not explained in that Mrs. Barbier testified she was still working at the same job and she does not contend her salary has been lessened in the interim year.