420 So.2d 1026 (1982)
Joseph F. KUHN
v.
Patricia Dyer KUHN.
Nos. 5-97, 5-98.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1982.
*1027 James S. Weidner, Jr., Gretna, for plaintiff-appellant.
Bruce G. Reed, Reed & Reed, New Orleans, for defendant-appellee.
Before SAMUEL, CURRAULT and DUFRESNE, JJ.
CURRAULT, Judge.
Plaintiff-appellee, Patricia Dyer Kuhn, and defendant-appellant, Joseph F. Kuhn, were married on May 28, 1963. Six children were born of the marriage. On May 30, 1980, a divorce was granted incorporating terms previously set forth in a consent judgment dated January 15, 1979. In accordance with the consent judgment, Mrs. Kuhn retained custody of the four minor children, subject to Mr. Kuhn's visitation rights. Child support was fixed at the previously agreed upon figure of $400 per month.
In 1981 motions were filed by Mrs. Kuhn to increase child support payments and for extraordinary medical expenses. Mr. Kuhn countered with a motion to reduce. At the time the motions were filed, one of the minor children had attained the age of majority.
After a trial on the merits, judgment was rendered increasing child support to $550 per month. It is from this adjudication defendant now devolutively appeals.
Defendant-appellant argues the trial court erred in awarding an increase in child support, or alternatively that such award was excessive.
The law in Louisiana regulating parental obligations provides that both parents owe the obligation of supporting, maintaining and educating their children. LSA-C.C. art. 227. The degree of support is determined by the needs of the child, as *1028 well as the circumstances of those obligated to pay, and each case must be decided on its own facts. LSA-C.C. art. 231; Bertrand v. Bertrand, 401 So.2d 552 (La.App. 3d Cir. 1981); Blondeau v. Blondeau, 396 So.2d 403 (La.App. 1st Cir.1981). Much discretion is vested in the trial court, particularly in evaluating the weight of evidence to be resolved primarily on the basis of credibility of witnesses; therefore, factual findings are accorded substantial weight on review. Graff v. Graff, 407 So.2d 70 (La.App. 4th Cir.1981). In determining awards, the court should consider the customary duties performed and services rendered by the mother on a daily basis. Prudhomme v. Prudhomme, 381 So.2d 906 (La.App. 3d Cir. 1980). It should also analyze the totality of the father's circumstances and not restrict its review to only his free income. Mittelbronn v. Mittelbronn, 363 So.2d 1312 (La. App. 4th Cir.1978). However, when the parties seek to modify child support previously fixed in a consent judgment, the party seeking the modification must prove a change of circumstance of one of the spouses. Such change must occur between the date of the consent judgment and date of the rule for modification. Howell v. Howell, 391 So.2d 1304 (La.App. 4th Cir.1980). Furthermore, the modification may not depend entirely on cost of living increases since generally both parties are affected. Ducote v. Ducote, 339 So.2d 835 (La.1976).
In reviewing the record of the case herein, this court can find no error in the trial court's determination that the circumstances of the parties had changed sufficiently to justify an increase. The trial court found that Mr. Kuhn's revenue increased minimally, but his expenses decreased substantially. The court also found that while Mrs. Kuhn's income increased, her expenses consumed and surpassed her earnings.
The facts revealed that Mr. Kuhn is 57 years of age, unemployed, with little education and few job skills. He has been continually unemployed for eight or nine years; however, the record fails to disclose any compelling reason for his unemployment. At the time of trial, he was residing with his sister in New Sarpy, Louisiana, who provides him with the necessities of life, i.e., clothing, free rent, food and spending money from time to time. He testified that in return he assists her in the management of a farm. The trial judge placed a value of $700 to $800 per month on those items provided for Mr. Kuhn's support following the witness's inability to do so. In addition to those necessities of life provided by his sister, Mr. Kuhn owns and derives benefits from other assets which he inherited. As part-owner of a parcel of real estate located in a busy commercial area in Metairie, Louisiana, he receives a yearly rental of $6,933, an increase of $534.04 from 1978. He also owns a one-third interest in another commercial lot located in the same area. The present value of that interest was approximated at $200,000; however, no cash income is derived from the property. Mr. Kuhn denied receiving money from any other source except sales of poultry and stray animals.
Turning to a review of Mrs. Kuhn's circumstances, the record reveals that, while her salary increased, she suffered greater increases in her expenses as well as the loss of income related to a small business operation. The evidence showed that appellee received a raise in salary totaling $1,664 in the interim between the consent judgment and time of trial. However, her expenditures, solely on behalf of the minor children, showed an increase of $2,052. She testified that during the interim she was forced to close a small leather business due to economic necessity. While she obtained some money from a sale of some of the business's equipment, the proceeds of the sale were minimal. The evidence reflected that Mrs. Kuhn's resources were further burdened by medical expenses totaling $776.05 for a football-related injury suffered by one of their sons. That injury prompted a purchase of medical insurance for all the minor children, which completely consumed the revenue attributable to her raise in salary.
After a review of the record and according substantial weight to the trial *1029 court's factual findings, we cannot agree with appellant that the trial court abused its discretion in determining that an increase was sufficiently justified. Accordingly, we affirm the judgment granting appellee an increase in child support. In addition, we do not find merit in appellant's allegation that the award is excessive. The trial court has great discretion in fixing alimony and child support, and such awards should not be disturbed absent a clear showing of abuse of discretion. Howell v. Howell, supra; Graff v. Graff, supra. A review of the record leads this court to conclude that the increase awarded is not excessive and is clearly within the trial court's discretion. Since we find no abuse of discretion, the award will not be disturbed.
Accordingly, the trial court's judgment increasing child support from $400 per month to $550 per month is hereby affirmed.
AFFIRMED.