466 So.2d 595 (1985)
Gerald DUHE
v.
Harolene Beauvais, wife of Gerald DUHE.
No. 84-CA-450.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 1985.
*596 McTernan, Parr & Rumage, Joseph Paul Rumage, New Orleans, for defendant-appellant.
Scheuermann & Jones, Arthel J. Scheuermann, New Orleans, for plaintiff-appellee.
Before CHEHARDY, BOWES and DUFRESNE, JJ.
CHEHARDY, Judge.
Gerald Duhe appeals from a judgment increasing from $100 per week to $175 per week the amount of child support he pays to his former wife, Harolene Beauvais Duhe, for the support of their two minor children.
The parties were divorced on May 24, 1983. Prior to the divorce Mrs. Duhe had been receiving $150 per week child support, pursuant to the judgment of separation. In the divorce judgment, however, child support was fixed at $100 per week. On November 3, 1983 Mrs. Duhe filed a rule to increase child support. The rule was heard on January 17, 1984 and on January 30, 1984 judgment was rendered increasing the child support to $175 per week. Mr. Duhe appealed.
According to the testimony on the rule, the amount of child support in the divorce judgment had been fixed by consent of the parties. Both Mr. Duhe and Mrs. Duhe admit that he told her he would continue voluntarily to pay her $150 a week if she would agree not to contest the divorce and to allow the child support to be listed as $100 a week in the judgment. She agreed to this. Mrs. Duhe stated, however, that Mr. Duhe had not fulfilled his part of the bargain. Mr. Duhe admitted he had paid her the agreed-upon $150 only once or twice, although from time to time he did give her additional money above the $100-per-week payment.
A judgment awarding alimony or child support is subject to change at any time when the circumstances of the parties justify a change or modification, but the person who seeks to change or modify the support award has the burden of proof to show there has been a change in the needs of the person requiring it as compared to the circumstances of the person obligated to pay. Kees v. Kees, 292 So.2d 307 (La. App. 1 Cir.1974). For the court to alter a support award established by a consent judgment, the party seeking the modification must show a change in the circumstances of either party from the time of the award to the time of trial of the rule. *597 Ducote v. Ducote, 339 So.2d 835 (La.1976); Barbier v. Barbier, 417 So.2d 57 (La.App. 1 Cir.1982); Howell v. Howell, 391 So.2d 1304 (La.App. 4 Cir.1980); Reavill v. Reavill, 370 So.2d 175 (La.App. 3 Cir.1979).
Mr. Duhe contends on appeal that Mrs. Duhe failed to prove either a significant increase in the children's expenses or a change in the financial circumstances of each parent such as to warrant an increase in the award of child support. Arguing that the judge had insufficient evidence of a change in circumstances to warrant the increase, Mr. Duhe contends the judge must have granted the increase to remedy what he perceived as a past inequityspecifically, Mr. Duhe's broken promise to his former wife to continue paying her $150 per week. Mr. Duhe quotes the trial judge's remark, at the close of the proceedings, that the court took umbrage at Mr. Duhe's "clear deception" in using the court to deceive his wife. Citing two recent cases from this circuit, Mr. Duhe argues that an increase cannot be granted if the cause for it is an effort to remedy past inequities. See Micheu v. Micheu, 440 So.2d 240 (La.App. 5 Cir.1983); Simon v. Simon, 450 So.2d 755 (La.App. 5 Cir.1984). Mr. Duhe asserts the trial judge thus abused his discretion.
In response, Mrs. Duhe cites two Fourth Circuit cases which held that the "change of circumstances" rule does not apply where the award sought to be modified was a consent judgment not previously fixed and determined in an adversary proceeding. Moore v. Moore, 256 So.2d 782 (La.App. 4 Cir.1972); Gonzales v. Gonzales, 288 So.2d 91 (La.App. 4 Cir.1974).
The Moore case, however, was specifically overruled by the Supreme Court in Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973), in which the court held that the husband's consent to payment of alimony did not preclude the divorce judgment from constituting an award "previously fixed and determined," and thus a showing of change of circumstances was necessary for a reduction. Thus, the Gonzales case, rendered after Bernhardt but relying on Moore for its holding, has no precedential effect.
The Bernhardt holding on this point has been criticized by several subsequent court of appeal opinions. However, we are bound by the pronouncements of our Supreme Court. The question, thus, is whether Mrs. Duhe showed a change of circumstances significant enough to warrant the increase granted.
The parties' expense lists, entered in evidence, show the expenses of each exceeds his or her income. Mr. Duhe listed his net monthly income as $1,868.05 and his monthly expenses as $2,047.71. Mrs. Duhe listed her net monthly income as $843.94. She failed to include the child support payments, which average $433.33 per month; adding those to her salary, we find her total net monthly income is $1,277.27. Her monthly expenses, for the children only, are $1,547.58. (She apportioned to them, correctly, two-thirds of the housing cost, utilities, food, automobile expenses, etc.). Adding in her share for those items, we see that her monthly expenses actually total $1,988.60. She testified she presently meets her expenses by borrowing from her parents.
Mrs. Duhe testified that between the time the divorce judgment was rendered and the date of the rule to increase, the cost of food and things in general had gone up. She stated her housing cost had increased from $525 per month to $540 per month. Other expenses she had incurred were the cost of summer camp for the two children ($87/month), dancing lessons for the girl ($15/month), football equipment for the boy ($10/month), and a psychiatrist for the boy ($60.60/month). She also testified that she was paying $328 per month for child care while she was at work. She did not say whether she had been paying this at the time of the divorce. Mr. Duhe's testimony, however, implies that she had not: Questioned whether a neighbor had not previously been responsible to care for their children while Mrs. Duhe was at work, Mr. Duhe stated that was "incorrect," *598 that "nobody was watching" the children.
Mr. Duhe testified that his annual income had decreased slightly between 1982 and 1983 (from $29,966.11 to $29,559.72); that his housing expense had increased from zero prior to the divorce (he had been staying with friends) to $516 per month at the time of the rule (he had bought a house). He also had incurred, since the divorce, a monthly payment to Zale's, which he explained was for an engagement ring for his fiancee, and a monthly payment of $100 to a Mr. Munsch, his future father-in-law, to repay money he borrowed to pay closing costs at the act of sale of his house.
General allegations that things cost more and children need more do not suffice to establish a change of circumstances sufficient to warrant an increase in child support. Ducote v. Ducote, supra. Such higher costs-of-living affect both parties, and since the percentile of inflation fluctuates monthly, a court would be hard-pressed to arrive at an accurate figure to reflect such a factor. Ducote v. Ducote, supra; Dufrene v. Dufrene, 430 So.2d 759 (La.App. 5 Cir.1983); Barbier v. Barbier, supra.
However, in fixing a child support award, the trial judge has considerable discretion. Ducote v. Ducote, supra. Absent a clear abuse of discretion, his award will not be disturbed. Updegraff v. Updegraff, 421 So.2d 1165 (La.App. 2 Cir.1982); Watzke v. Watzke, 233 So.2d 729 (La.App. 4 Cir.1970). In calculating child support, the court must consider the totality of the circumstances. Petrich v. Petrich, 430 So.2d 829 (La.App. 5 Cir.1983). Child support is to be fixed in proportion to the needs of the children and the noncustodial parent's ability to pay; children should enjoy the same standard of living they would have if they resided with the noncustodial parent. Updegraff v. Updegraff, supra; see also, Ducote v. Ducote, supra.
The duties of preparing meals, washing clothes, providing transportation, furnishing care and guidance, and performing all the day-to-day services that are demanded of a mother contribute substantially to the mutual obligation of support of the children. Ducote v. Ducote, supra; Prudhomme v. Prudhomme, 381 So.2d 906 (La.App. 3 Cir.1980).
A parent's primary obligation is to his children and a parent will not be relieved of his obligation to support his children because of an unstable financial condition brought upon himself. Ledet v. Ledet, 416 So.2d 1309 (La.App. 1 Cir.1982); Dugas v. Dugas, 374 So.2d 1278 (La.App. 3 Cir. 1979). See also, Alexander v. Alexander, 417 So.2d 92 (La.App. 3 Cir.1982).
Mrs. Duhe's general statement that things had gone up is not sufficient to warrant an increase. She did, however, mention other specific expenses that had increased or been newly incurred regarding the children. Mr. Duhe's income had suffered a slight decrease, and his expenses unquestionably had greatly increased. We note, however, that all his increased expenses are for things not absolutely necessary, financial burdens he chose to place himself underi.e., buying an engagement ring on credit; buying a house; borrowing money to pay the closing costs to buy the house. Although we would not expect him to continue living on the charity of his friends, and thus cannot state that the $516-per-month house note is unnecessary, he could be paying the same amount in rent without having to have borrowed several thousand dollars to have purchased a home. Further, we may sympathize with his desire to purchase an engagement ring, but he may not penalize his children to do so. He failed to show any of the expenses his wife lists for his children are unreasonable or unnecessary to their station in life.
The trial judge specifically stated that Mrs. Duhe's expenses had increased by approximately $440 a month. (Our calculations show a greater increasewe find her expenses to be $515 per month more than at the time of the divorce.) Unquestionably this is a substantial amount. Viewing the evidence as a whole, therefore, we find *599 no manifest error in the trial judge's conclusion that there was a significant increase in the expenses attributable to the children. Accordingly, we find no abuse of discretion in his award increasing the weekly amount of child support.
Further, practically speaking Mr. Duhe is liable for only $25 per week more than before. His promise to Mrs. Duhe to continue paying $150 a week after the divorce was an enforceable agreement to modify child support. Feazell v. Feazell, 445 So.2d 143 (La.App. 3 Cir.1984); Gomez v. Gomez, 421 So.2d 426 (La.App. 2 Cir. 1982).
For the foregoing reasons, the judgment of the district court is affirmed.
AFFIRMED.