GOTHARD, Judge.
This is a child custody case. The mother’s first husband, a non-resident of Louisiana, appealed from a judgment awarding custody to the mother. At issue are the enforcement of a prior Missouri judgment awarding custody to the appellant, the jurisdiction of the Louisiana court to redetermine custody, and the amount of the child support award. We affirm the district court’s judgment but revise to increase the award of child support.
The following facts are relevant to the jurisdictional issues. The child who is the subject of this proceeding is Michelle Kathleen Pool born April 26, 1978 in St. Louis County, Missouri. The child’s mother is Mary Kathleen Pool Luley. Jim Wilson is the child’s alleged natural father. Ms. Lu-ley married the appellant, Calvin M. Pool, on May 27, 1978, one month after the child’s birth, and they lived with him in St. Louis County, Missouri for approximately four months. Ms. Luley and the child moved to St. Clare, Illinois in September 1978 where she obtained a divorce from *869 Mr. Pool shortly thereafter. Ms. Luley and the child remained in Illinois until Ms. Lu-ley’s remarriage in 1984 to Michael Luley and their return to Missouri. On May 15, 1985 Ms. Luley, her husband, and the child moved to Jefferson Parish, Louisiana where they continue to reside.
Prior and subsequent to the separation and divorce of Ms. Luley and Mr. Pool, Mr. Pool acknowledged the child as his own by his words and actions, visiting with her regularly and contributing to her support. The child referred to him as her daddy and still uses his surname. In 1982 Mr. Pool obtained a judicial decree in Missouri establishing his paternity of the child. However, after the family moved to Louisiana, Ms. Luley refused Mr. Pool any contact with the child. Her actions prompted him to file a rule to transfer the child’s custody to him on June 25, 1985 in the 21st Judicial Circuit Court of St. Louis County, Missouri. Ms. Luley moved to dismiss the rule on jurisdictional grounds. She argued that Mr. Pool’s custody claim was baseless because its foundation, the 1982 paternity decree, was defective for failure to join the child in that proceeding as required under Missouri family law. The motion was denied on October 22, 1985, and the denial remains unappealed.
On July 26, 1986 Mr. Pool was granted custody of the child in proceedings # 473878, Division 1, 21st Judicial Circuit Court of St. Louis County, Missouri. On July 29, 1986 Mr. Pool instituted a habeas corpus proceeding against Mary Kathleen Luley and Michael Luley in Jefferson Parish, Louisiana seeking recognition and enforcement of the Missouri custody judgment. Ms. Luley excepted on jurisdictional grounds. In addition, she filed an alternative rule for custody and child support. On August 25,1986 the Louisiana court denied Mr. Pool’s writ of habeas corpus and continued custody of the child with her mother. It directed Mr. Pool to submit certified copies of the entire Missouri court proceedings and continued without date the hearing on the validity of these proceedings.
On September 25,1986, the entire matter was heard. The trial judge found the Missouri proceedings were valid and entitled Mr. Pool to visitation with the child. He redetermined custody of the child in favor of Ms. Luley and ordered Mr. Pool to pay her $300 per month child support. It was further ordered that visitation between Mr. Pool and the child occur only in Jefferson Parish, Louisiana with the requisite that Mr. Pool post a $5,000 bond to secure compliance with the restriction. Intervenor, Jim Wilson, and defendant, Michael Luley, were dismissed from the proceedings. Mr. Pool appealed from this judgment with an answer filed by Ms. Luley.
The issues are: (1) whether Mr. Pool’s award of visitation rights should be set aside because based on invalid Missouri proceedings; (2) whether Louisiana has jurisdiction under the Louisiana Uniform Child Custody Jurisdiction Act to redetermine custody; and if so, (3) whether this Court should increase the award of child support.
RECOGNITION AND ENFORCEABILITY OF MISSOURI CUSTODY JUDGMENT
The question of the jurisdiction of the Missouri court to issue the July 26, 1986 custody judgment goes to the merits of the suit for recognition and enforcement in Louisiana. A state may deny recognition and enforcement of a foreign custody judgment when it is shown by the person attacking the judgment that the court which rendered it lacks jurisdiction over the parties or the subject matter. LSA-R.S. 13:1700 et seq.
Appellee argues that the Missouri custody judgment of July 26,1986 should not be recognized for enforcement for lack of jurisdiction of subject matter or personal jurisdiction over her or the child.
Ms. Luley and the child were residents of Illinois when Mr. Pool instituted the paternity suit. Neither the child’s birth certificate nor the divorce decree of the parties listed Mr. Pool as the father of the child. Although the decree of paternity was issued by default and was based solely on Mr. Pool’s avowal of paternity, the record contains evidence of appellee's appearance in the proceeding with notice of *870 the hearing date mailed to her correct previous Illinois address. Thus, the jurisdiction of the Missouri court to issue the paternity decree was established. Further, appellee accepted support from Mr. Pool and allowed visitation with the child in accordance with the decree of paternity for some three years, indicating her acquiescence in its legality. However, Ms. Lu-ley presently protests that she was forced by Mr. Pool to sign the document evidencing her entry of appearance, and also that the document requires her signature twice, and she signed it only once. The trial court found Ms. Luley’s entry of appearance was voluntary. We have reviewed the record and the testimony, including that of the notary who witnessed Ms. Luley’s signature on the document entitled “Entry of Appearance”, and we affirm the trial court’s finding on this issue.
As regards the Missouri court’s jurisdiction over the child, the record contains xeroxed copies of certain Missouri family law statutes which do indicate a possible defect in the paternity proceedings, in that the minor child was not a named party and was without representation in her behalf. However, there was no testimony at trial by a Missouri expert on the proper interpretation of these statutes or their current status. In. the absence of this information, the court may interpret the paternity statutes in conformity with Louisiana law, but we find this unnecessary. Reece v. Reece, 502 So.2d 591 (La.App. 3 Cir.1987). Ms. Luley’s argument on the said defect in the paternity proceeding was presented to the Missouri court as basis for her motion to dismiss Mr. Pool’s custody rule, and the motion was dismissed. Ms. Luley did not appeal the dismissal. Therefore, in view of the Missouri court’s ruling on this issue, we conclude that appellee has not clearly shown that failure to join the child as a party to the prior paternity proceeding is a fatal defect negating the jurisdictional authority of the Missouri custody judgment. Rather, this is a procedural problem which needs to be addressed by a Missouri appeal. Appellee has presented no valid issue of jurisdiction for our review.
Accordingly, we affirm as valid that portion of the trial court judgment on September 26, 1986 which recognized Mr. Pool’s rights to visitation with the child on the basis of the 1982 Missouri decree of paternity.
JURISDICTION OF THE LOUISIANA COURT
In the proceedings below, Mr. Pool excepted to the Louisiana court’s exercise of jurisdiction to redetermine custody of the minor child in Ms. Luley’s favor. He argued that the Louisiana court should have declined jurisdiction and enforced the Missouri custody judgment, citing LSA-R.S. 13:1705, 1707, 1713.[1] Appellee maintains *871 the Missouri court never had authority over the matter, and that the Louisiana court properly exercised its jurisdiction to award custody to her.
In 1978, the Louisiana legislature adopted the Uniform Child Custody Jurisdiction Act which is now in force in all states. The two principle purposes of this act are to avoid jurisdictional competition among states and promote resolution of custody disputes by the forum deemed most likely to have the maximum amount of relevant information about the case. LSA-R.S. 13:1700(A). To meet these concerns the Act sets up a hierarchy of jurisdictional tests by which a state court can determine whether it has power to render a custody decree which will be recognized by sister states.
The first inquiry under the Act is always whether the forum state has juris"-diction under R.S. 13:1702; that is, whether it can meet the requirements of one or more of the categories. Mere physical presence does not suffice to give a Louisiana court jurisdiction. In order for a Louisiana court to have jurisdiction the home state test of R.S. 13:1702(A)(1)[2] must be met, or the best interest of the child test of R.S. 1702(A)(2)[3] must be satisfied. The second inquiry is whether or not another state has claim to the jurisdiction.
In the instant case the initial decree state was Missouri; the modifying forum was Louisiana. Having previously recognized the authority of the Missouri custody judgment, we must decide whether the prior forum has continuing jurisdiction over the dispute. At the time the appellant’s rule for a transfer of custody was filed, Ms.' Luley, her husband, and the child had been living in Louisiana for some two months. At the time the appellee’s alternate rule for *872 custody was filed she and the child had resided in Louisiana for 16 months.
Under the Act’s analysis, Louisiana was required to find only that it had jurisdiction and that Missouri did not, at the time the alternative rule for custody was filed. Because Louisiana was the home state of the child at that time and because the only connection remaining with Missouri was the residence of Mr. Pool, the modification was not prohibited. This jurisdiction then allowed the Louisiana court to modify the Missouri decree on the basis of the significant change in circumstances since the prior forum’s initial decree. Moore v. Moore, 379 So.2d 1153 (La.App. 2 Cir.1980).
We find that the trial court properly exercised jurisdiction to redetermine and modify the Missouri custody decree. We also conclude that on the basis of the record facts the trial court’s award of sole custody of the child to her mother was clearly in her best interests. Revere v. Revere, 389 So.2d 1277 (La.1980). The child is now 9 years of age and has known no other home but that of her mother’s. She is presently enrolled in a local school and is reportedly doing well. In regard to visitation, although we are aware that prior to 1985 the child and Mr. Pool visited regularly, there was testimony from both Mr. Pool and the child’s mother that the child was now frightened at the thought of visits with him, fearing abduction. In view of this testimony and the present animosity noted by the trial judge between the parties, we think the trial court’s further order restricting Mr. Pool’s visitation to Jefferson Parish with the requisite that he post a $5,000 bond (LSA-R.S. 9:312) is also in the child’s best interests. In the event the relationship between Mr. Pool and the child is reestablished through the contact as outlined in the trial court’s judgment, including weekly telephone calls, Mr. Pool can subsequently urge expansion of the visitation rights.
The Uniform Child Custody Jurisdiction Act is inapplicable to the issue of support, LSA-R.S. 13:1701(2), and for this reason there can be no question that the trial court was not precluded from modifying the Missouri judgment with relation to the amount of child support the appellant was required to pay.
CHILD SUPPORT
Finally, it is argued by appellee that the trial court abused its discretion in its award of child support in the amount of $300 per month. The mother’s rule for an award of child support was predicated on an itemized statement of expenses reflecting a monthly total of $1732.16, $552 of which is attributable to the expenses of the child. At least $104 is the amount needed for the child’s monthly school tuition including educational expenses and supplies.
Ms. Luley is a housewife. She listed her husband’s monthly net wages of $1,147.30 as the income received and used for the support of the child. Mr. Pool testified to, but did not substantiate, annual earnings of $32,000 and to his wife’s annual earnings of $16,000. He further testified that he owns his own home and three automobiles, but did not testify to or document any monthly expenses.
In fixing a child support award, the trial judge has considerable discretion which should not be disturbed absent abuse. Duhe v. Duhe, 466 So.2d 595 (La. 5 Cir.1985). In calculating child support, the court must consider the totality of the circumstances, and the award is to be fixed in proportion to the needs of the child and the non-custodial parent’s ability to pay. Elfert v. Elfert, 501 So.2d 887 (La.App. 5 Cir.1987). Children should enjoy the same standard of living they would have if they resided with the non-custodial parent. Duhe v. Duhe, supra. Upon review of the record, it is our opinion that the trial court erred in fixing the child support. The needs of the child were shown to be $552 per month; however, the trial court awarded only $300 per month. This leaves $252 of her needs unmet. Clearly in view of Mr. Pool’s income and apparent standard of living enjoyed, the amount of $300 monthly support is inadequate and should be increased to $552 per month.
*873 For the foregoing reasons, we revise that portion of the judgment appealed from which awards child support in the amount of $300 per month and increase the award to $552 per month. In all other respects the judgment appealed from is affirmed.
Each party is to bear its own costs on appeal.
REVISED AND AFFIRMED.

. LSA-R.S. 13:1705
§ 1705. Simultaneous proceedings in other states
A. A court of this state shall not exercise its jurisdiction under this Part if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this Part, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons.
B. Before hearing the petition in a custody proceeding the court shall examine the pleadings and other information supplied by the parties under Section 1708 and shall consult the child custody registry established under Section 1715 concerning the pendency of proceedings with respect to the child in other states. If the court has reason to believe that proceedings may be pending in another state it shall direct an inquiry to the state court administrator or other appropriate official of the other state.
C.If the court is informed during the course of the proceeding that a proceeding concerning the custody of the child was pending in another state before the court assumed jurisdiction it shall stay the proceeding and communicate with the court in which the other proceeding is pending to the end that the issue may be litigated in the more appropriate forum and that information be exchanged in accordance with Sections 1718 through 1721. If a court of this state has made a custody decree before being informed of a pending proceeding in a court of another state it shall immediately inform that court of the fact. If the court is informed that a proceeding was commenced in another state after it assumed jurisdiction it shall likewise inform the other court to the end that the issues *871 may be litigated in the more appropriate forum.
LSA-R.S. 13:1707
§ 1707. Jurisdiction declined by reason of conduct
A. If the petitioner for an initial decree has wrongfully taken the child from another state or has engaged in similar reprehensible conduct the court may decline to exercise jurisdiction if this is just and proper under the circumstances.
B. Unless required in the interest of the child, the court shall not exercise its jurisdiction to modify a custody decree of another state if the petitioner, without consent of the person entitled to custody, has improperly removed the child from the physical custody of the person entitled to custody or has improperly retained the child after a visit or other temporary relinquishment of physical custody. If the petitioner has violated any other provision of a custody decree of another state the court may decline to exercise its jurisdiction if this is just and proper under the circumstances.
C. In appropriate cases a court dismissing a petition under this Section may charge the petitioner with necessary travel and other expenses, including attorneys’ fees, incurred by other parties or their witnesses.
LSA-R.S. 13:1713
§ 1713. Modification of custody decree of another state
A. If a court of another state has made a custody decree, a court of this state shall not modify that decree unless it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this Part or has declined to assume jurisdiction to modify the decree and the court of this state has jurisdiction.
B. If a court of this state is authorized under Subsection A of this Section and Section 1707 to modify a custody decree of another state it shall give due consideration to the transcript of the record and other documents of all previous proceedings submitted to it in accordance with Section 1721.

. R.S. 13:1702
§ 1702. Jurisdiction
A. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(1) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child’s home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state;

. R.S. 13:1702(A)
(2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child’s present or future care, protection, training, and personal relationships; ...